# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SERGIO ALPIZAR | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:17-cv-712 |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| Defendants | | |

---

## INDEX OF STATE COURT PLEADINGS

Now comes Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND

LEASING, LLC, AND JACK EUGENE HEIN, in the above referenced matter and submits the

following Index of State Court Pleadings with their Notice of Removal as follows:

1. Certificate from Bexar County District Clerk

2. Temporary Restraining Order and Order Setting Hearing for Temporary Injunction

3. Temporary Restraining Order and Order Setting Hearing for Temporary Injunction

4. Temporary Restraining Order and Order Setting Hearing for Temporary Injunction

5. Plaintiff's Original Petition, Application for Temporary Restraining Order and Injunction,
   With Request for Disclosure, Interrogatories, Requests for Admissions, and Requests for
   Production (pages 1 through 86)

6. Civil Case Information Sheet

7. Temporary Restraining Order and Order Setting Hearing for Temporary Injunction
   (unsigned)

8.  Temporary Restraining Order and Order Setting Hearing for Temporary Injunction (unsigned)

9.  Bond

10. Citation to John Christner Trucking LLC

11. Temporary Restraining Order

12. Citation to Three Diamond Leasing LLC

13. Temporary Restraining Order

14. Citation to Jack Eugene Hein

15. Temporary Restraining Order

16. Affidavit of Service -- Three Diamond Leasing LLC (July 26, 2017)

17. Citation to Three Diamond Leasing LLC

18. Temporary Restraining Order

19. Affidavit of Service -- John Christner Trucking LLC (July 26, 2017)

20. Citation to John Christner Trucking LLC

21. Affidavit of Service -- John Christner Trucking LLC (July 26, 2017)

22. Temporary Restraining Order

23. Certificate from Celia Ramirez, Deputy District Clerk, Bexar County, Texas

24. Original Answer On Behalf Of John Christner Trucking, LLC, Three Diamond Leasing, LLC, and Jack Eugene Hein (filed on July 31, 2017 at 2:08 P.M.)

Respectfully submitted,

EZZELL & ASSOCIATES, P.C.
Pacific Plaza
14100 San Pedro Ave., Suite 310
San Antonio, Texas 78232
Tel: 210-544-5757

Fax: 210-544-5758
mezzell@ezzellpc.com

By: _____/s/ Michael Ezzell_____
     MICHAEL EZZELL
State Bar No. 06767300
Southern District Federal Bar No. 11665
COUNSEL FOR DEFENDANTS
JOHN CHRISTNER TRUCKING, LLC,
THREE DIAMOND LEASING, LLC, AND
JACK EUGENE HEIN

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been served via the Court's Case Management/Electronic Case Filing (CM/ECF) system to the following counsel of record on this the 31st day of July, 2017:

**Attorneys for Plaintiff:**
Thomas J. Henry
Bernardo Gonzalez
Darius Khosravian
The Law Office of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401
Email: bgonzalez-svc@tjhlaw.com
Tel. 361-985-0600
Fax. 361-985-0601

      _____/s/ Michael Ezzell_____
      MICHAEL EZZELL

# Donna Kay M<u>c</u>Kinney

District Clerk  Bexar County

# CERTIFICATE
### (Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

    I, <u>Celia A. Ramirez</u>,  Deputy District Clerk for ***Donna Kay M<u>c</u>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2017-CI-12969</u> and Styled <u>SERGIO ALPIZAR VS JOHN CHRISTNER TRUCKING LLC ET AL</u> filed in the<u>37th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

    **GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the July 31, 2017.

*Donna Kay M<u>c</u>Kinney*
*Bexar County District Clerk*

By: _____
Celia A. Ramirez, Deputy



DOCUMENT SCANNED AS FILED

2017CI12969 -D037

CAUSE NO. **2017CI12969**

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| **Defendants.** | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, SERGIO ALPIZAR, has filed a motion for temporary injunction

and in connection therewith, has presented a motion for a temporary restraining order together

with Plaintiff's Original Petition and Application for injunction and affidavit supporting the

motion presented. Plaintiff is entitled to a temporary restraining order and temporary injunction

that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND

LEASING, LLC, AND JACK EUGENE HEIN their agents, servants, and employees and anyone

acting in concert therewith, are immediately deterred from taking any action that might alter,

damage or destroy the vehicles involved in the May 3, 2017, collision made the basis of

Plaintiff's Motion and its component parts to include electronic control module and any data

already downloaded from the electronic control module involved in the incident on May 3, 2017,

and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests,

results, reports, etc. of Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND

LEASING, LLC, AND JACK EUGENE HEIN ("Hein" is the driver of the 18-wheeler truck,

VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident made the basis

of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a

temporary injunction can be served and hearing had; that if the commission of said acts are not

Page 1



immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, all maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN,

07/19/2017 VOL 4774 PG 0740

their agents, servants, employees, and anyone acting in concert therewith, or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, JACK EUGENE HEIN's payment of services, JACK EUGENE HEIN's Qualification File and JACK EUGENE HEIN's Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents, servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera, and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $ 500.00.

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock a.m., on the 2nd day of August, 2017, in the Pres. 2nd District Court, Bexar County, San Antonio, Texas, Room 109.

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on August 2, 2017

DOCUMENT SCANNED AS FILED

SIGNED AND ENTERED this the ___19ʰ___ day of ___July___, 2017 at ___2:57___ O'Clock, P .m.

JUDGE PRESIDING

AGREED AS TO FORM:

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Darius Khosravian
State Bar No.: 24085414
*email: bgonzalez-svc@tjhlaw.com
* service by email to this address only
ATTORNEYS FOR PLAINTIFF

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

DOCUMENT SCANNED AS FILED



2017CI12969 -0037

CAUSE NO. **2017CI12969** _____

| | | |
|---|---|---|
| SERGIO ALPIZAR,<br>          Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ____ JUDICIAL DISTRICT |
| JOHN CHRISTNER TRUCKING, LLC,<br>THREE DIAMOND LEASING, LLC,<br>AND JACK EUGENE HEIN,<br>          Defendants. | §<br>§<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, SERGIO ALPIZAR, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented.  Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the vehicles involved in the May 3, 2017, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN ("Hein" is the driver of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not

Page 1

DOCUMENT SCANNED AS FILED

immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, all maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN,

07/19/2017 VOL 4774 PG 0740

DOCUMENT SCANNED AS FILED

their agents, servants, employees, and anyone acting in concert therewith, or anyone having

knowledge of this order are hereby commanded forthwith to desist and refrain from the

following:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, JACK EUGENE HEIN's payment of services, JACK EUGENE HEIN's Qualification File and JACK EUGENE HEIN's Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

0719/2017 VOL 4774 PG 0741

DOCUMENT SCANNED AS FILED

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera, and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $500.00.

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock a.m., on the 2nd day of August, 2017, in the Presiding District Court, Bexar County, San Antonio, Texas, Room 109.

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on August 2, 2017

SIGNED AND ENTERED this the 19ᵗʰ day of July , 2017 at
2:52 O'Clock, P .m.

_____
JUDGE PRESIDING

AGREED AS TO FORM:

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Darius Khosravian
State Bar No.: 24085414
*email: bgonzalez-svc@tjhlaw.com
* service by email to this address only
ATTORNEYS FOR PLAINTIFF

2017CI12969 -D037

CAUSE NO. **2017CI12969**

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, SERGIO ALPIZAR, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented. Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the vehicles involved in the May 3, 2017, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN ("Hein" is the driver of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not

Page 1

DOCUMENT SCANNED AS FILED

immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, all maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN,

DOCUMENT SCANNED AS FILED

their agents, servants, employees, and anyone acting in concert therewith, or anyone having

knowledge of this order are hereby commanded forthwith to desist and refrain from the

following:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, JACK EUGENE HEIN's payment of services, JACK EUGENE HEIN's Qualification File and JACK EUGENE HEIN's Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera, and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $ 500.00 .

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock a .m., on the 2nd day of August , 2017, in the Presiding District Court, Bexar County, San Antonio, Texas, Room 109 .

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on August 2, 2017

SIGNED AND ENTERED this the ___19ᵗʰ___ day of ___July___, 2017 at ___2:57___ O'Clock, _P_ .m.

JUDGE PRESIDING

AGREED AS TO FORM:

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Darius Khosravian
State Bar No.: 24085414
*email: bgonzalez-svc@tjhlaw.com
* service by email to this address only
ATTORNEYS FOR PLAINTIFF

Case Number: 2017CI12969                    Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

FILED
7/17/2017 2:34 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

Case 5:17-cv-00712-RCL   Document 1-2   Filed 07/31/17   Page 21 of 150
3 CIT 3 TRO W/BOND PPS SAC1

## 2017CI12969

CAUSE NO. _____

| | | |
|---|---|---|
| SERGIO ALPIZAR,<br>    **Plaintiff,** | § | IN THE DISTRICT COURT |
| | § | |
| **v.** | § | 37 |
| | § | ____ JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
|     **Defendants.** | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, WITH REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES SERGIO ALPIZAR, Plaintiff herein, and complains of JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1.      Discovery shall be conducted in this case according to Level III discovery control plan.

### PARTIES/SERVICE

2.      Plaintiff, SERGIO ALPIZAR, resides in San Antonio, Bexar County, Texas.

3.      Defendant, JOHN CHRISTNER TRUCKING, LLC, is a Foreign Company doing business in Texas and may be served with process through its registered agent, Darryl A. Christner at 19007 W. Highway 33, Sapulpa, OK 74067.

4.      Defendant, THREE DIAMOND LEASING, LLC, is a Foreign Company doing business in Texas and may be served with process through its registered agent, Darryl A.

Christner at 19007 W. Highway 33, Sapulpa, OK 74067.

5.      Defendant, JACK EUGENE HEIN, is resident of Huntington, Huntington County, Indiana, who may be served at his residence located at 421 E. Park Drive, Huntington, Indiana 46750-2328.

## JURISDICTION AND VENUE

6.      Venue is proper in Bexar County in the cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

7.      Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## MISNOMER

8.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## FACTS

9.      On or about May 3, 2017, Plaintiff, SERGIO ALPIZAR, driver of a 2015 Chevrolet van, VIN #1GCWGFCF9F1189601 traveling northbound on Interstate 35 in Bexar County, Texas when the vehicle Plaintiff was in was suddenly, violently, and without warning hit from the rear by Defendant, JACK EUGENE HEIN, who was an agent or employee of Defendant JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC, and who was inattentive and traveling northbound on Interstate 35 in Bexar County, Texas, causing severe personal injuries to Plaintiff SERGIO ALPIZAR. Defendant, JACK EUGENE HEIN was operating an 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer, owned or

leased by Defendant, JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC, in the course and scope of his employment with Defendant, JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC and was inattentive and rear-ended SERGIO ALPIZAR. Rodger Escobedo, the investigating trooper with the San Antonio Police Department, was called to the scene and, after an investigation, found JACK EUGENE HEIN to be the at-fault driver. As a result of this collision, Plaintiff SERGIO ALPIZAR sustained severe injuries and damages to his body, as more fully set forth below.

10.    The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## CAUSES OF ACTION- JACK EUGENE HEIN

### A.    *NEGLIGENCE*

11.    The occurrence made the basis of this suit, reflected in Paragraph 9, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of JACK EUGENE HEIN, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.    in failing to turn the vehicle in an effort to avoid the collision in question;

d.    in failing to blow horn warning of imminent danger;

e.    in failing to maintain proper following distance;

f.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances; and

g.    in failing to control his speed in violation of TEX. TRANSP. CODE § 545.351.

12.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## B.     NEGLIGENCE PER SE

13.     Further, JACK EUGENE HEIN, failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.351 pursuant to the negligence Per Se Doctrine which mandates that:

### §545.351 Maximum Speed Requirements

(a)     An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b)     An operator:

    (1)     may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

    (2)     shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c)     An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

    (1)     the operator is approaching and crossing an intersection or railroad grade crossing;

    (2)     the operator is approaching and going around a curve;

    (3)     the operator is approaching a hill crest;

    (4)     the operator is traveling on a narrow or winding roadway; and

    (5)     a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

14.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### C.    GROSS NEGLIGENCE

15.    JACK EUGENE HEIN's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, JACK EUGENE HEIN's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. JACK EUGENE HEIN had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

16.    The acts and/or omissions by JACK EUGENE HEIN outlined in Paragraph 9 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. JACK EUGENE HEIN was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and JACK EUGENE HEIN was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

17.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### CAUSES OF ACTION – JOHN CHRISTNER TRUCKING, LLC

### A.    RESPONDEAT SUPERIOR

18.    At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their

office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

19.     Each and all of the foregoing acts and or omissions of the agents, servants, and/or employees for Defendants were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**B.     NEGLIGENT ENTRUSTMENT**

20.     Defendant JOHN CHRISTNER TRUCKING, LLC was independently negligent by negligently entrusting his vehicle to JACK EUGENE HEIN when they knew or should have known that JACK EUGENE HEIN was an unlicensed, incompetent or reckless driver.

21.     Furthermore, JACK EUGENE HEIN was liable for causing the collision that made the basis of this lawsuit and JACK EUGENE HEIN negligence was the proximate cause of Plaintiff's injuries.

**C.     NEGLIGENT HIRING/RETENTION/TRAINING**

22.     Defendant JOHN CHRISTNER TRUCKING, LLC was also independently negligent in on or more of the following respects:

    a.      negligent hiring;

    b.      negligent driver qualifications;

    c.      negligent training;

    d.      negligent supervision and monitoring of JACK EUGENE HEIN;

    e.      negligent retention;

    f.      negligent contracting;

    g.      negligent maintenance;

    h.      Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

i.   Defendant placed a driver on the road knowing that the driver was impaired and that such impairment could in all likelihood cause serious injury to others in the event of an accident like that which occurred

23.   Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of his natural life.

**D.   GROSS NEGLIGENCE**

24.   Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

25.   The acts and/or omissions by Defendant outlined in Paragraph 8 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

26.   The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## CAUSES OF ACTION – THREE DIAMOND LEASING, LLC

**A.   RESPONDEAT SUPERIOR**

27.   At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the

course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

28.     Each and all of the foregoing acts and or omissions of the agents, servants, and/or employees for Defendants were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

### B.     NEGLIGENT ENTRUSTMENT

29.     Defendant THREE DIAMOND LEASING, LLC was independently negligent by negligently entrusting his vehicle to JACK EUGENE HEIN when they knew or should have known that JACK EUGENE HEIN was an unlicensed, incompetent or reckless driver.

30.     Furthermore, JACK EUGENE HEIN was liable for causing the collision that made the basis of this lawsuit and JACK EUGENE HEIN negligence was the proximate cause of Plaintiff's injuries.

### C.     NEGLIGENT HIRING/ RETENTION/TRAINING

31.     Defendant THREE DIAMOND LEASING, LLC was also independently negligent in on or more of the following respects:

    a.     negligent hiring;

    b.     negligent driver qualifications;

    c.     negligent training

    d.     negligent supervision and monitoring of JACK EUGENE HEIN;

    e.     negligent retention;

    f.     negligent contracting;

    g.     negligent maintenance;

h.    Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

ii.    Defendant placed a driver on the road knowing that the driver was impaired and that such impairment could in all likelihood cause serious injury to others in the event of an accident like that which occurred

32.    Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of his natural life.

## D.    GROSS NEGLIGENCE

33.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

34.    The acts and/or omissions by Defendant outlined in Paragraph 8 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

35.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## DAMAGES

36.    The occurrence made the basis of this suit, referred to in this petition, and the Plaintiff's resulting injuries and/or damages were proximately caused, aggravated or accelerated by the

negligent and/or grossly negligent conduct of the Defendants.

37.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, SERGIO ALPIZAR, suffered severe bodily injuries to his neck and back, and other parts of his body generally.  His entire body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of His natural life.  As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

38.         Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SERGIO ALPIZAR, was caused to incur the following damages:

a.      Reasonable medical care and expenses in the past. Plaintiff, SERGIO ALPIZAR, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

b.      Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.      Physical impairment in the past;

f.      Physical impairment, which will, in all reasonable probability be suffered in the future;

g.      Loss of wages in the past;

h.      Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.      Mental anguish in the past;

j.      Mental anguish which will, in all reasonable probability be suffered in the future;

k.      Fear of future disease or condition;

l.      Disfigurement; and

m.      Cost of medical monitoring and prevention in the future.

## **PREJUDGMENT AND POST-JUDGMENT INTEREST**

39.     Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## **REQUEST FOR DISCLOSURE**

40.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose within fifty (50) days after service of this Petition the information or material described in Rule 194.2 (a) through (l).

## **JURY DEMAND**

41.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

42.     Comes now, Plaintiff, SERGIO ALPIZAR, before this Honorable Court and file a

motion for temporary injunction and in connection therewith, presents a motion for a temporary

restraining order together with His original petition for injunction and affidavit supporting the

motion presented.

43.     Plaintiff requests a temporary restraining order and temporary injunction that

unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING,

LLC, AND JACK EUGENE HEIN, their agents, their servants, and employees or anyone acting

in concert therewith, are immediately deterred from taking any action that might alter, damage,

repair or destroy the 18-wheeler involved in the May 3, 2017, collision, and its component parts

to include electronic control module, dash camera, and any data already downloaded from the

electronic control module and dash camera involved in the incident on May 3, 2017, and any

other evidence, to include, but not limited to, blood, urine, blood and urinanalysis tests, results,

reports, etc. of Defendant JACK EUGENE HEIN, they will not commit said acts before notice of

the hearing on the Motion for a temporary injunction can be served and hearing had; that if the

commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to

wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence

involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff

from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil

Procedure.

44.     Plaintiff further requests a temporary restraining order and temporary injunction

that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND

LEASING, LLC, AND JACK EUGENE HEIN its agents, servants, and employees or anyone

Case Number: 2017CI12489     Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*     PAGE 12 OF 86
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

acting in concert therewith, are immediately deterred from taking any action that might alter, damage, repair or destroy any cellular phone or other hand-held device in the possession of Defendant, JACK EUGENE HEIN, at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer, respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, any and all operational or trip related documents created or received by Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, payment of services, JACK EUGENE HEIN's Qualification File and Personnel File as required by any applicable regulations for Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, all maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

     45.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court order that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant THREE DIAMOND LEASING, LLC, and Defendant JACK EUGENE HEIN, their agents, servants,

employees or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

46.    Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the May 3, 2017, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

47.    Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively; and

48.    Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant THREE DIAMOND LEASING, LLC, and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, payment of services, JACK EUGENE HEIN's Qualification File and Personnel File as required by any applicable regulations for Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

49.    Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

50.    On information and belief, Defendants, are not represented by counsel.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you" and "your" and "Defendant" shall refer to JACK EUGENE HEIN the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of JACK EUGENE HEIN, whether authorized to do so or not.

2.      The term "Plaintiff" shall refer to SERGIO ALPIZAR.

3.      The term "driver" means the individual operating the commercial vehicle that struck the Plaintiff on May 3, 2017.

4.      The terms "incident" and "made the basis of this suit" means the incident in which Plaintiffs was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.      The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document.  Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports,

evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.      The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.      "Identify" or "Identification":

      (a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

      (b)      When used in reference to a public or private corporation, governmental entity,  partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the  name of its chief executive officer and telephone number.

      (c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

            (i)      the title, heading, or caption, if any, of such document;

            (ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

            (iii)      the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

            (iv)      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

            (v)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

(10)    The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement", "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which  is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

(b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

Case Number: 2017CI12469          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
*Sergio Alpizar v. John Christner Trucking, LLC et al.*                                                                   *Page 18 of 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

## REQUESTS FOR PRODUCTION TO DEFENDANT JACK EUGENE HEIN

1.  All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2.  All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3.  All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4.  All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5.  A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision        including    all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

4.  All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

5.  All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

6.  All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff.

7.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

8.  All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

9.  Any and all trial exhibits.

10. Any and all demonstrative evidence you intend to utilize at trial.

11. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

13.   A copy of all documents relating to any criminal records pertaining to Plaintiff or any witnesses.

14.   A copy of all documents relating to any criminal records pertaining to Defendant or any witnesses.

15.   All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiff's claim.

17.   All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

18.   All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to you on the date of the incident that forms the basis of this matter, including, but not limited to, all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

19.   All trip and/or operational documents pertaining to your activities, including driving, for the 7 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

20.   Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding your work, safety, driving activities, job performance, discipline.

21.   All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or you relating to your job duties, safety, or driving.

22.   A copy of your driver's license.

23.   Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to you by any law enforcement official or agency in the last ten (10) years.

24.   Please produce a complete copy of JACK EUGENE HEIN personnel file, including but not limited to any application for employment, pre-hire drug/alcohol testing, pre-employment testing or certifications, and all disciplinary actions during his employment to the present date.

25.    The billing records and monthly statements for any cell phone or calling card used by JACK EUGENE HEIN from May 3, 2017 to the present.

26.    Complete driver's qualification file pertaining to JACK EUGENE HEIN, including but not limited to the following:

      a.   check sheet for driver's forms;
      b.   application for employment;
      c.   employment eligibility verification;
      d.   certificate of compliance;
      e.   request for check of driving record;
      f.   request for information from previous employer;
      g.   record and certificate of road test;
      h.   written examination and certificate;
      i.   answers to written examination;
      j.   driver's physical examination certificate with the expiration date;
      k.   controlled substance test results;
      l.   driver's data sheet;
      m.   record of violations;
      n.   annual review of driving record;
      o.   notice of disqualification; and
      p.   pocket cards.

27.    Produce an authorization permitting the full disclosure of medical records, reports, x-rays, or other medical documentation. (NOTE: An Authorization is attached hereto and may be used for this purpose).

## DEFINITIONS AND INSTRUCTIONS

1.  The terms "you" and "your" and "Defendant" shall refer to JOHN CHRISTNER TRUCKING, LLC, the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of JOHN CHRISTNER TRUCKING, LLC, whether authorized to do so or not.

2.  The term "Plaintiff" shall refer to SERGIO ALPIZAR.

3.  The term "driver" means the individual operating the commercial vehicle that struck the Plaintiffs on May 3, 2017.

4.  The terms "incident" and "made the basis of this suit" means the incident in which Plaintiffs was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.  The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.  The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data: letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank

accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.      The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.      "Identify" or "Identification":

    (a)  When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)  When used in reference to a public or private corporation, governmental entity,  partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the  name of its chief executive officer and telephone number.

    (c)  When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i)  the title, heading, or caption, if any, of such document;

        (ii)  the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (iii)  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iv)  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        (v)  the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        (vii)   the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

(10)   The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

        (a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

        (b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

<u>USE OF DEFINITIONS</u>

    The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

Case Number: 2017CI12989         Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*        PAGE 24 OF 86
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

## REQUESTS FOR PRODUCTION TO
## DEFENDANT JOHN CHRISTNER TRUCKING, LLC

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiffs.

9. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiffs' claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to JACK EUGENE HEIN, including but not limited to the following:

    a.  check sheet for driver's forms;
    b.  application for employment;
    c.  employment eligibility verification;
    d.  certificate of compliance;
    e.  request for check of driving record;
    f.  request for information from previous employer;
    g.  record and certificate of road test;
    h.  written examination and certificate;
    i.  answers to written examination;
    j.  driver's physical examination certificate with the expiration date;
    k.  controlled substance test results;
    l.  driver's data sheet;
    m.  record of violations;
    n.  annual review of driving record;
    o.  notice of disqualification; and
    p.  pocket cards.

20. A copy of JACK EUGENE HEIN's driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for JACK EUGENE HEIN.

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to JACK EUGENE HEIN.

23. All pay records pertaining to JACK EUGENE HEIN for the 6 months prior to and including the date of the incident that forms the basis for this action.

24. Any and all worker's compensation records pertaining to JACK EUGENE HEIN.

25. Any and all results from drug and/or alcohol testing pertaining to JACK EUGENE HEIN.

26. All documents evidencing ownership of the vehicle involved in the incident in question.

27. All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

28. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

29. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by JACK EUGENE HEIN.

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

31. Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

32. All trip and/or operational documents pertaining to the movement of cargo by JACK EUGENE HEIN, or his tractor, in existence but at least for the one month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts. The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

    (1) Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly or monthly cargo transported, time or mileage records.

    (2) Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

    (3) Cargo pickup or delivery orders prepared by any and all of the defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

(4) All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

(5) All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

(6) All freight bill, inclusive of cargo pickup and delivery copies.

(7) All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

(8) Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

(9) Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

(10)     All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

(11)     All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

(12)     Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

(13)     Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

(14)     Any and all computer downloads and/or printouts provided to the defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm, listed by JACK EUGENE HEIN or number or truck number, showing the driver and tractor location, time, date and mileage for stops, movements or purchases.

(15)     Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

(16)     Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance or movements.

(17)     Any and all other "trip related documents' created by the defendants or any other persons or organizations but not defined herein in the possession of any of the defendants.

(18)     Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

(19)     Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and defendants.

(20)     Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

33. Any and all agreements, contracts or written arrangements in effect on the date of the incident that forms the basis of this action with JACK EUGENE HEIN including but not limited to, any contracts to perform transportation services.

34. Any contracts, lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

35. All driver's daily logs and 70-hour summaries created by JACK EUGENE HEIN now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

36. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to JACK EUGENE HEIN by any law enforcement official or agency.

37. Your accident register and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of this suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by JACK EUGENE HEIN or any other person in reference to the incident that forms the basis of this action.

38. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where Defendant JACK EUGENE HEIN was the driver of a vehicle involved in the prior accidents.

39. The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

40. The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit and for incident that forms the basis of this action.

41. Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

42. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by JACK EUGENE HEIN from or by any source including, but not limited to, any trucking schools

43. Any and all reports of safety audits (compliance reviews) of Defendant, by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

44. A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

45. Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

46. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

47. Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

48. Accident registers maintained pursuant to 49 C.F.R. 390 for the past 3 years.

49. All documents and reports relating to your company drug and alcohol program, including any reports relating to JACK EUGENE HEIN for the last two (2) year period.

50. All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6 month period prior to the incident.

51. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

52. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and for the 6 month period prior to the incident.

53. Bills of ladings, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

54. All records from any Electronic On-Board Recorder (EOBR) relating to JACK EUGENE HEIN hours-of-service (HOS) from any vehicle for the one month period preceding and including the date of the incident that forms the basis of this suit.

55. Complete Driver Investigation History (DIH) File for JACK EUGENE HEIN.

56. All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to, all in coming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

57. Your policies and procedures for driver interviews and hiring qualifications.

58. All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

59. All data and information from any collision avoidance systems such as VORAD or any other similar collision avoidance system.

60. Any and all documents reflecting the business interactions, contracts, and/or relationship between JOHN CHRISTNER TRUCKING, LLC and JACK EUGENE HEIN in the last five (5) years.

61. Any and all documents leasing agreements or contracts relating to vehicles owned by JOHN CHRISTNER TRUCKING, LLC and leased or used by JACK EUGENE HEIN.

62. Any and all indemnification agreements between JOHN CHRISTNER TRUCKING, LLC and JACK EUGENE HEIN.

63. For the past five (5) years, please produce any and all communications, writings, correspondence, e-mails between JOHN CHRISTNER TRUCKING, LLC and JACK EUGENE HEIN.

64. Please produce all photographs, video tapes, diagrams or similar material of the accident scene including but not limited to all photographs, video tapes and diagrams of the incident in question, the vehicle involved in the incident in question, and of Plaintiffs and/or Defendants.

65. For the past five (5) years, please produce a true and correct copy of the all repair tickets, repair invoices, bills and any other documents, which will relate to any and all modifications, alterations, changes or repairs performed during the past five (5) years on the vehicle involved in the incident made the basis of this suit.

66. Please produce any report, investigation, citation, whether performed by Defendants or at the direction of Defendant or by any other entity including any governmental agencies, relevant to the incident made to the basis of this lawsuit.

67. Please produce copies of any and all documents, memos, correspondence, complaints, writing instruments, records, documents or other tangible evidence relevant to the incident made the basis of this suit.

68. Please produce all maintenance and operator records for the vehicle involved in the incident made the basis of this lawsuit.

69. Please produce company policies regarding the operation of JOHN CHRISTNER TRUCKING, LLC's vehicles, including a vehicle of the type made the basis of this lawsuit.

70. Please produce the sign-in sheet for safety meetings conducted at JOHN CHRISTNER TRUCKING, LLC for the 6 month period preceding the incident made the basis of this lawsuit.

71. Please produce the sign-in sheet for safety meetings conducted at JOHN CHRISTNER TRUCKING, LLC for the 1 month period subsequent to the incident made the basis of this lawsuit.

72. Please produce records and materials, written or in any form, used during the safety meetings attended by JACK EUGENE HEIN, at the time of the incident made the basis of this lawsuit.

73. Please produce a complete copy of JACK EUGENE HEIN's personnel file, including but not limited to any application for employment, pre-hire drug/alcohol testing, pre-employment testing or certifications, and all disciplinary actions during his employment to the present date.

74. Please produce copies of all documents relevant to safety training that JACK EUGENE HEIN and/or the personnel of JOHN CHRISTNER TRUCKING, LLC were provided.

75. Please produce any and all training records, programs, or pertinent training provided by JOHN CHRISTNER TRUCKING, LLC to JACK EUGENE HEIN regarding the proper use and operation of the type of vehicle made the basis of this suit.

76. Please produce any and all accident or incident reports generated at any time that involve the use of a vehicle by a JOHN CHRISTNER TRUCKING, LLC employee.

77. Please produce any and all memos and correspondence concerning safety, safe operation and accidents, for all JOHN CHRISTNER TRUCKING, LLC vehicles.

78. Please produce any and all tangible evidence pertaining to the matters made the basis of this suit, including, but not limited to any evidence regarding the vehicle involved in the incident, policies and procedures manuals, safety manuals, photographs, video tapes, logs, investigation reports, and incident reports.

79. Please produce a true and correct copy of the organizational charts, diagrams, drawings or other documents showing the organizational structure of JOHN CHRISTNER TRUCKING, LLC, including but not limited to its subsidiaries and divisions.

80. Please produce the entire employee handbook of JOHN CHRISTNER TRUCKING, LLC.

81. Please produce true and correct copies of all documents obtained pursuant to authorizations provided by Plaintiffs for tax, social security, employment and medical and any other category of documents obtained through authorizations.

82. All documents and tangible things that relate to the existence, extent, treatment for, or expenses relating to, JACK EUGENE HEIN's injuries resulting from this collision, specifically including, but not limited to, all medical bills or reports, statements or charges.

83. Any and all operational receipts submitted by JACK EUGENE HEIN relating to the operation of the vehicle in existence, but at least from November 3, 2016 through May 3, 2017.

84. Any and all records maintained by Defendant JOHN CHRISTNER TRUCKING, LLC. in reference to any vehicular accident prior to the collision where JACK EUGENE HEIN was the driver of a vehicle involved in the prior accidents.

85. The billing records and monthly statements for any cell phone or calling card used by JACK EUGENE HEIN from May 3, 2017 to the present.

86. Any and all written documents, letters, directives, memorandums, notes, or notices from JOHN CHRISTNER TRUCKING, LLC to JACK EUGENE HEIN from his date of hire to the present.

87. Any and all documents from any insurer denying coverage or reserving rights with regard to coverage.

88. Written job description for JACK EUGENE HEIN.

89. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiffs, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

90. Complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts.

91. All trip and/or operational documents pertaining to JACK EUGENE HEIN's activities, including driving, for the 14 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

## DEFINITIONS AND INSTRUCTIONS

4.      The terms "you" and "your" and "Defendant" shall refer to THREE DIAMOND LEASING, LLC, the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of THREE DIAMOND LEASING, LLC, whether authorized to do so or not.

5.      The term "Plaintiff" shall refer to SERGIO ALPIZAR.

6.      The term "driver" means the individual operating the commercial vehicle that struck the Plaintiffs on May 3, 2017.

4.      The terms "incident" and "made the basis of this suit" means the incident in which Plaintiff was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.      The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank

accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.      The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.      "Identify" or "Identification":

> (b)   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

> (b)   When used in reference to a public or private corporation, governmental entity,  partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the  name of its chief executive officer and telephone number.

> (c)   When used in reference to a document, "identify" or "identification" shall include statement of the following:

>> (j)    the title, heading, or caption, if any, of such document;

>> (ii)   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

>> (iii)  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

>> (iv)   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

>> (v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

(10)    The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement, "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which  is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

(b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

<u>USE OF DEFINITIONS</u>

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

Case Number: 2017CI12909                    Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*              *PAGE 57 OF 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

## REQUESTS FOR PRODUCTION TO
## DEFENDANT THREE DIAMOND LEASING, LLC

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff or Plaintiffs.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiffs.

9. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit,

*SERGIO ALFIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*                                      *PAGE 58 OF 96*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiffs' claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to JACK EUGENE HEIN, including but not limited to the following:

   a. check sheet for driver's forms;
   b. application for employment;
   c. employment eligibility verification;
   d. certificate of compliance;
   e. request for check of driving record;
   f. request for information from previous employer;
   g. record and certificate of road test;
   h. written examination and certificate;
   i. answers to written examination;
   j. driver's physical examination certificate with the expiration date;
   k. controlled substance test results;
   l. driver's data sheet;
   m. record of violations;
   n. annual review of driving record;
   o. notice of disqualification; and
   p. pocket cards.

20. A copy of JACK EUGENE HEIN's driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for JACK EUGENE HEIN.

*SERGIO ALFIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to JACK EUGENE HEIN.

23. All pay records pertaining to JACK EUGENE HEIN for the 6 months prior to and including the date of the incident that forms the basis for this action.

24. Any and all worker's compensation records pertaining to JACK EUGENE HEIN.

25. Any and all results from drug and/or alcohol testing pertaining to JACK EUGENE HEIN.

26. All documents evidencing ownership of the vehicle involved in the incident in question.

27. All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

28. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

29. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by JACK EUGENE HEIN.

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

31. Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

32. All trip and/or operational documents pertaining to the movement of cargo by JACK EUGENE HEIN, or his tractor, in existence but at least for the one month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts.  The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

  a. Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly or monthly cargo transported, time or mileage records.

  b. Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

c.   Cargo pickup or delivery orders prepared by any and all of the defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

d.   All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

e.   All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

f.   All freight bill, inclusive of cargo pickup and delivery copies.

g.   All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

h.   Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

i.   Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

j.   All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

k.   All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

l.   Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

m.   Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

n.   Any and all computer downloads and/or printouts provided to the defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm, listed by JACK EUGENE HEIN or number or truck number, showing the driver and tractor location, time, date and mileage for stops, movements or purchases.

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND REQUESTING HEARING

*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*          *PAGE 41 OF 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

o. Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

p. Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance or movements.

q. Any and all other "trip related documents' created by the defendants or any other persons or organizations but not defined herein in the possession of any of the defendants.

r. Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

s. Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and defendants.

t. Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

33. Any and all agreements, contracts or written arrangements in effect on the date of the incident that forms the basis of this action with JACK EUGENE HEIN including but not limited to, any contracts to perform transportation services.

34. Any contracts, lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

35. All driver's daily logs and 70-hour summaries created by JACK EUGENE HEIN now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

36. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to JACK EUGENE HEIN by any law enforcement official or agency.

37. Your accident register and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of this suit. This

includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by JACK EUGENE HEIN or any other person in reference to the incident that forms the basis of this action.

38. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where Defendant JACK EUGENE HEIN was the driver of a vehicle involved in the prior accidents.

39. The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

40. The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit and for incident that forms the basis of this action.

41. Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

42. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by JACK EUGENE HEIN from or by any source including, but not limited to, any trucking schools

43. Any and all reports of safety audits (compliance reviews) of Defendant, by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

44. A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

45. Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

46. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

47. Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

48. Accident registers maintained pursuant to 49 C.F.R. 390 for the past 3 years.

49. All documents and reports relating to your company drug and alcohol program, including any reports relating to JACK EUGENE HEIN for the last two (2) year period.

50. All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6 month period prior to the incident.

51. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

52. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and for the 6 month period prior to the incident.

53. Bills of ladings, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

54. All records from any Electronic On-Board Recorder (EOBR) relating to JACK EUGENE HEIN hours-of-service (HOS) from any vehicle for the one month period preceding and including the date of the incident that forms the basis of this suit.

55. Complete Driver Investigation History (DIH) File for JACK EUGENE HEIN.

56. All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to, all in coming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

57. Your policies and procedures for driver interviews and hiring qualifications.

58. All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

59. All data and information from any collision avoidance systems such as VORAD or any other similar collision avoidance system.

60. Any and all documents reflecting the business interactions, contracts, and/or relationship between THREE DIAMOND LEASING, LLC and JACK EUGENE HEIN in the last five (5) years.

61. Any and all documents leasing agreements or contracts relating to vehicles owned by THREE DIAMOND LEASING, LLC and leased or used by JACK EUGENE HEIN.

62. Any and all indemnification agreements between THREE DIAMOND LEASING, LLC and JACK EUGENE HEIN.

63. For the past five (5) years, please produce any and all communications, writings, correspondence, e-mails between THREE DIAMOND LEASING, LLC and JACK EUGENE HEIN.

64. Please produce all photographs, video tapes, diagrams or similar material of the accident scene including but not limited to all photographs, video tapes and diagrams of the incident in question, the vehicle involved in the incident in question, and of Plaintiffs and/or Defendants.

65. For the past five (5) years, please produce a true and correct copy of the all repair tickets, repair invoices, bills and any other documents, which will relate to any and all modifications, alterations, changes or repairs performed during the past five (5) years on the vehicle involved in the incident made the basis of this suit.

66. Please produce any report, investigation, citation, whether performed by Defendants or at the direction of Defendant or by any other entity including any governmental agencies, relevant to the incident made to the basis of this lawsuit.

67. Please produce copies of any and all documents, memos, correspondence, complaints, writing instruments, records, documents or other tangible evidence relevant to the incident made the basis of this suit.

68. Please produce all maintenance and operator records for the vehicle involved in the incident made the basis of this lawsuit.

69. Please produce company policies regarding the operation of THREE DIAMOND LEASING, LLC 's vehicles, including a vehicle of the type made the basis of this lawsuit.

70. Please produce the sign-in sheet for safety meetings conducted at THREE DIAMOND LEASING, LLC for the 6 month period preceding the incident made the basis of this lawsuit.

71. Please produce the sign-in sheet for safety meetings conducted at THREE DIAMOND LEASING, LLC for the 1 month period subsequent to the incident made the basis of this lawsuit.

72. Please produce records and materials, written or in any form, used during the safety meetings attended by JACK EUGENE HEIN, at the time of the incident made the basis of this lawsuit.

73. Please produce a complete copy of JACK EUGENE HEIN's personnel file, including but not limited to any application for employment, pre-hire drug/alcohol testing, pre-employment testing or certifications, and all disciplinary actions during his employment to the present date.

74. Please produce copies of all documents relevant to safety training that JACK EUGENE HEIN and/or the personnel of THREE DIAMOND LEASING, LLC were provided.

75. Please produce any and all training records, programs, or pertinent training provided by THREE DIAMOND LEASING, LLC to JACK EUGENE HEIN regarding the proper use and operation of the type of vehicle made the basis of this suit.

76. Please produce any and all accident or incident reports generated at any time that involve the use of a vehicle by a THREE DIAMOND LEASING, LLC employee.

77. Please produce any and all memos and correspondence concerning safety, safe operation and accidents, for all THREE DIAMOND LEASING, LLC vehicles.

78. Please produce any and all tangible evidence pertaining to the matters made the basis of this suit, including, but not limited to any evidence regarding the vehicle involved in the incident, policies and procedures manuals, safety manuals, photographs, video tapes, logs, investigation reports, and incident reports.

79. Please produce a true and correct copy of the organizational charts, diagrams, drawings or other documents showing the organizational structure of THREE DIAMOND LEASING, LLC, including but not limited to its subsidiaries and divisions.

80. Please produce the entire employee handbook of THREE DIAMOND LEASING, LLC

81. Please produce true and correct copies of all documents obtained pursuant to authorizations provided by Plaintiffs for tax, social security, employment and medical and any other category of documents obtained through authorizations.

82. All documents and tangible things that relate to the existence, extent, treatment for, or expenses relating to, JACK EUGENE HEIN's injuries resulting from this collision, specifically including, but not limited to, all medical bills or reports, statements or charges.

83. Any and all operational receipts submitted by JACK EUGENE HEIN relating to the operation of the vehicle in existence, but at least from November 3, 2016 through May 3, 2017.

84. Any and all records maintained by Defendant THREE DIAMOND LEASING, LLC in reference to any vehicular accident prior to the collision where JACK EUGENE HEIN was the driver of a vehicle involved in the prior accidents.

85. The billing records and monthly statements for any cell phone or calling card used by JACK EUGENE HEIN from May 3, 2017 to the present.

86. Any and all written documents, letters, directives, memorandums, notes, or notices from THREE DIAMOND LEASING, LLC to JACK EUGENE HEIN from his date of hire to the present.

87. Any and all documents from any insurer denying coverage or reserving rights with regard to coverage.

88. Written job description for JACK EUGENE HEIN.

89. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiffs, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

90. Complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts.

91. All trip and/or operational documents pertaining to JACK EUGENE HEIN activities, including driving, for the 14 days prior to and including the day of the incident, including but not limited to timesheets, mileage records, invoices, receipts for any trip expenses, such as fuel, food, lodging, equipment maintenance or repair.

## FIRST REQUEST FOR ADMISSIONS TO JACK EUGENE HEIN

1.  Admit that JACK EUGENE HEIN was operating the vehicle in question at the time of the incident that forms the basis of this suit.

    ADMIT OR DENY:

2.  Admit that you were the owner of the vehicle in question on the date of the incident that is the basis of this lawsuit.

    ADMIT OR DENY:

3.  Admit that the negligence of JACK EUGENE HEIN proximately caused the incident that is the basis of this lawsuit.

    ADMIT OR DENY:

4.  Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment.

    ADMIT OR DENY:

5.  Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment with JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC

    ADMIT OR DENY:

6.  Admit that JACK EUGENE HEIN failing to control his speed caused the incident that is the basis of this lawsuit.

    Admit or Deny:

7.  Admit that you are liable for the incident and injuries which form the basis of this lawsuit.

    ADMIT OR DENY:

8.  Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

    ADMIT OR DENY:

9.      Admit that the occurrence made the basis of this action was not an unavoidable accident.

        ADMIT OR DENY:

10.     Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

        ADMIT OR DENY:

11.     Admit that the occurrence made the basis of this action was not caused solely by an act of God.

        ADMIT OR DENY:

12.     Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

        ADMIT OR DENY:

13.     Admit that the medical bills incurred by Plaintiff was necessary for the treatment of the injuries sustained by Plaintiff and the charges for such services were reasonable.

        ADMIT OR DENY:

14.     Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

        ADMIT OR DENY:

15.     Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

        ADMIT OR DENY:

16.     Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

        ADMIT OR DENY:

17.  Admit or Deny that you carry other liability insurance policies that would cover the claims of Plaintiff.

ADMIT OR DENY:

18.  Admit that JACK EUGENE HEIN's inattention caused the incident that is the basis of this lawsuit.

ADMIT OR DENY:

19.  Admit that JACK EUGENE HEIN was speeding at the time of the incident that is the basis of this lawsuit.

ADMIT OR DENY:

20.  Admit that there was a cell phone in the vehicle driven by JACK EUGENE HEIN on the day of this accident.

ADMIT OR DENY:

21.  Admit that this Cell phone was in use at the time of this collision.

ADMIT OR DENY:

22.  Admit or Deny that JACK EUGENE HEIN was the under the influence of alcohol at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

23.  Admit or Deny that JACK EUGENE HEIN was the under the influence of drugs at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

24.  Admit or Deny that JACK EUGENE HEIN was the under the influence of illegal drugs at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

25.  Admit or Deny that there was a post-collision drug test of JACK EUGENE HEIN following the incident that is the basis of this lawsuit.

ADMIT OR DENY:

26.  Admit that your responses herein are truthful.

ADMIT OR DENY:

## FOR ADMISSIONS TO JOHN CHRISTNER TRUCKING, LLC

1.  Admit that JACK EUGENE HEIN was operating the vehicle in question at the time of the incident that forms the basis of this suit.

    ADMIT OR DENY:

2.  Admit that you were the owner of the vehicle in question on the date of the incident that is the basis of this lawsuit.

    ADMIT OR DENY:

3.  Admit that the negligence of JACK EUGENE HEIN proximately caused the incident that is the basis of this lawsuit.

    ADMIT OR DENY:

4.  Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment.

    ADMIT OR DENY:

5.  Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment with JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC.

    ADMIT OR DENY:

6.  Admit that JACK EUGENE HEIN failing to control his speed caused the incident that is the basis of this lawsuit.

    Admit or Deny:

7.  Admit that you are liable for the incident and injuries which form the basis of this lawsuit.

    ADMIT OR DENY:

8.  Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

    ADMIT OR DENY:

9.  Admit that the occurrence made the basis of this action was not an unavoidable accident.

ADMIT OR DENY:

10.  Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

ADMIT OR DENY:

11.  Admit that the occurrence made the basis of this action was not caused solely by an act of God.

ADMIT OR DENY:

12.  Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

ADMIT OR DENY:

13.  Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and the charges for such services were reasonable.

ADMIT OR DENY:

14.  Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

ADMIT OR DENY:

15.  Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

ADMIT OR DENY:

16.  Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

ADMIT OR DENY:

17.  Admit or Deny that you carry other liability insurance policies that would cover the claims of Plaintiff.

ADMIT OR DENY:

18.  Admit that JACK EUGENE HEIN's inattention caused the incident that is the basis of this lawsuit.

     ADMIT OR DENY:

19.  Admit that JACK EUGENE HEIN was speeding at the time of the incident that is the basis of this lawsuit.

     ADMIT OR DENY:

20.  Admit that there was a cell phone in the vehicle driven by JACK EUGENE HEIN on the day of this accident.

     ADMIT OR DENY:

21.  Admit that this Cell phone was in use at the time of this collision.

     ADMIT OR DENY:

22.  Admit or Deny that JACK EUGENE HEIN was the under the influence of alcohol at the time of incident that is the basis of this lawsuit.

     ADMIT OR DENY:

23.  Admit or Deny that JACK EUGENE HEIN was the under the influence of drugs at the time of incident that is the basis of this lawsuit.

     ADMIT OR DENY:

24.  Admit or Deny that JACK EUGENE HEIN was the under the influence of illegal drugs at the time of incident that is the basis of this lawsuit.

     ADMIT OR DENY:

25.  Admit or Deny that there was a post-collision drug test of JACK EUGENE HEIN following the incident that is the basis of this lawsuit.

     ADMIT OR DENY:

26.  Admit that your responses herein are truthful.

     ADMIT OR DENY:

## FOR ADMISSIONS TO THREE DIAMOND LEASING, LLC

1. Admit that JACK EUGENE HEIN was operating the vehicle in question at the time of the incident that forms the basis of this suit.

   ADMIT OR DENY:

2. Admit that you were the owner of the vehicle in question on the date of the incident that is the basis of this lawsuit.

   ADMIT OR DENY:

3. Admit that the negligence of JACK EUGENE HEIN proximately caused the incident that is the basis of this lawsuit.

   ADMIT OR DENY:

4. Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment.

   ADMIT OR DENY:

5. Admit that JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment with JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC.

   ADMIT OR DENY:

6. Admit that JACK EUGENE HEIN failing to control his speed caused the incident that is the basis of this lawsuit.

   Admit or Deny:

7. Admit that you are liable for the incident and injuries which form the basis of this lawsuit.

   ADMIT OR DENY:

8. Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

   ADMIT OR DENY:

9. Admit that the occurrence made the basis of this action was not an unavoidable accident.

   ADMIT OR DENY:

10.  Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

ADMIT OR DENY:

11.  Admit that the occurrence made the basis of this action was not caused solely by an act of God.

ADMIT OR DENY:

12.  Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

ADMIT OR DENY:

13.  Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and the charges for such services were reasonable.

ADMIT OR DENY:

14.  Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

ADMIT OR DENY:

15.  Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

ADMIT OR DENY:

16.  Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

ADMIT OR DENY:

17.  Admit or Deny that you carry other liability insurance policies that would cover the claims of Plaintiff.

ADMIT OR DENY:

18. Admit that JACK EUGENE HEIN's inattention caused the incident that is the basis of this lawsuit.

ADMIT OR DENY:

19. Admit that JACK EUGENE HEIN was speeding at the time of the incident that is the basis of this lawsuit.

ADMIT OR DENY:

20. Admit that there was a cell phone in the vehicle driven by JACK EUGENE HEIN on the day of this accident.

ADMIT OR DENY:

21. Admit that this Cell phone was in use at the time of this collision.

ADMIT OR DENY:

22. Admit or Deny that JACK EUGENE HEIN was the under the influence of alcohol at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

23. Admit or Deny that JACK EUGENE HEIN was the under the influence of drugs at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

24. Admit or Deny that JACK EUGENE HEIN was the under the influence of illegal drugs at the time of incident that is the basis of this lawsuit.

ADMIT OR DENY:

25. Admit or Deny that there was a post-collision drug test of JACK EUGENE HEIN following the incident that is the basis of this lawsuit.

ADMIT OR DENY:

26. Admit that your responses herein are truthful.

ADMIT OR DENY:

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you" and "your" and "Defendant" shall refer to JACK EUGENE HEIN the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of JACK EUGENE HEIN, whether authorized to do so or not.

2.      The term "Plaintiff" shall refer to SERGIO ALPIZAR.

3.      The term "driver" means the individual operating the commercial vehicle that struck the Plaintiffs on May 3, 2017.

4.      The terms "incident" and "made the basis of this suit" means the incident in which Plaintiffs was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.      The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

        In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document.  Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

        The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank

*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL:*                                                           *PAGE 39 OF 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.       The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.       "Identify" or "Identification":

  (a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

  (b)     When used in reference to a public or private corporation, governmental entity,  partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the  name of its chief executive officer and telephone number.

  (c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

    (i)     the title, heading, or caption, if any, of such document;

    (ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

    (iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    (iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

    (v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)   the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

(10)   The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement, "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

(b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

### FIRST SET OF INTERROGATORIES TO JACK EUGENE HEIN

1.  Please state your full name, Social Security number, date and place of birth, driver's license number, telephone number, and residence address for the ten (10) years preceding the date of these interrogatories, giving the beginning and ending dates on which you resided there.

    ANSWER:

2.  If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

    ANSWER:

3.  State each and every individual act or omission on the part of the Plaintiff which you now contend or will contend at trial caused or contributed to the collision.

    ANSWER:

4.  State each and every factor other than the alleged negligence of the Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

    ANSWER:

5.  State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

    ANSWER:

Case Number: 2017-CI-2059                     Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
*Sergio Alfizar v. John Christner Trucking, LLC et al.*                                                                    *Page 80 of 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

6.     Identify each traffic violation you have ever received.  As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (City and State).

ANSWER:

7.     Identify each motor vehicle collision in which you have been involved as a driver, excluding the incident made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the collision, the identity of the other driver(s), the location (including the street, city, and state), and if fault was determined, the result.

ANSWER:

8.     If your driver's license has ever been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the reason or reasons stated for each suspension, and the result.

ANSWER:

9.     If you have ever been arrested for any offense other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

ANSWER:

10.    State verbatim all statements, admissions, or declarations made by Plaintiffs or conversations you had with Plaintiffs at the time of the collision or at any time subsequent to the collision.

ANSWER:

11.    Identify each of your employers for the last ten (10) years.

ANSWER:

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

*SERGIO ALFIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*          *PAGE 61 OF 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

12. Do you intend to use evidence of a criminal conviction of Plaintiff or any witnesses at the trial of this case? If so, please state the following:

    a. Date of conviction;
    b. Nature of conviction; and
    c. Cause number, court, and jurisdiction of conviction.

ANSWER:

13. State the name, and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

ANSWER:

14. State the nature of the trip being made by you, including the location from which you left and the intended destination, including the reason for the trip.

ANSWER:

15. Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

ANSWER:

16. Describe in detail what damage, if any, was done to your vehicle in the collision, and give the costs of repair of your vehicle and give the name and address of the entity performing the repairs on your vehicle.

ANSWER:

*SERGIO ALFIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

17.  Describe in detail what injuries, if any, you receive in the collision and list any treating health care providers for such injuries.

ANSWER:

18.  Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:

19.  State whether or not you were acting within course and scope of any agency, employment, or service at the time of collision, and describe the type of relationship of the persons involved.

ANSWER:

20.  State whether any other person, not a party to this lawsuit, has made a claim or file a lawsuit against you or any other person regarding or pertaining to the incident made the basis of this lawsuit, and if so please state such person(s) names, addresses, telephone numbers and names and telephone numbers of any attorneys for such person(s).

ANSWER:

21.  Who was your employer at the time of the incident forming the basis of this suit?

ANSWER:

22.  Were you tested for drugs and alcohol following incident that forms the basis of this suit? If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

ANSWER:

23.   List by date and topic all courses, classes and other training undertaken by you (a) related to hazard recognition, accident avoidance, and defensive driving from the time he became a driver for Defendant(s) through the date of the incident that forms the basis of this action.; (b) related to FMCSR Hours of Service Regulations; (c) related to the proper way to fill out driver records of duty status. For each include the name(s) and title(s) of the individual(s) that taught such courses, classes, and training; and the name(s) and title(s) of the supervisor of your driving.

ANSWER:


24.   Identify any communication devices available to you on the date of the collision made the basis of this suit including, but not limited to, cell phones, two way radios, or any other electronic messaging systems.  For cell phones, provide the complete phone number and name of carrier.

ANSWER:

*SERGIO ALPIZAR V. JOHN CHRISTNER TRUCKING, LLC ET AL.*                                                                     *Page 84 of 86*
*Plaintiffs' Original Petition with TRO, RFDs, ROGs, RFAs, and RFPs*

## VERIFICATION

THE STATE OF _____ §

§

COUNTY OF _____ §

     BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his/her knowledge and completely true and correct.

_____

Signature

_____

Print Name

THE STATE OF _____ §

§

COUNTY OF _____ §

     BEFORE ME, the undersigned authority, on this day personally appeared _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

     SUBSCRIBED AND SWORN TO on the _____ day of _____, 2017.

_____

Notary Public, State of Texas

My Commission Expires: _____

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you" and "your" and "Defendant" shall refer to JOHN CHRISTNER TRUCKING, LLC the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of JOHN CHRISTNER TRUCKING, LLC, whether authorized to do so or not.

2.      The term "Plaintiff" shall refer to SERGIO ALPIZAR.

3.      The term "driver" means the individual operating the commercial vehicle that struck the Plaintiffs on May 3, 2017.

4.      The terms "incident" and "made the basis of this suit" means the incident in which Plaintiffs was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.      The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

        In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document.  Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

        The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports,

evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.     The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.     "Identify" or "Identification":

   (a)   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   (b)   When used in reference to a public or private corporation, governmental entity,  partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the  name of its chief executive officer and telephone number.

   (c)   When used in reference to a document, "identify" or "identification" shall include statement of the following:

      (i)    the title, heading, or caption, if any, of such document;

      (ii)   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

      (iii)  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

      (iv)   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

      (v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      (vi)   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)   the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

(10)    The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

> (a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which  is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

> (b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

<u>USE OF DEFINITIONS</u>

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## FIRST SET OF INTERROGATORIES TO JOHN CHRISTNER TRUCKING, LLC

1.   For the individual answering these interrogatories on behalf of Defendant, please state:

        a.    Your name and address;

        b.    Your job title, and description.

ANSWER:

2.   State the name, job title and description, and address of JACK EUGENE HEIN's immediate supervisor.

ANSWER:

3.   State the name, address, telephone number and title of the person or persons involved in the hiring of JACK EUGENE HEIN.

ANSWER:

4.   State the nature of the trip being made by JACK EUGENE HEIN, including the location from which the driver left and the intended destination, including the reason for the trip.

ANSWER:

5.   State what type of driver training program or driver monitoring was provided by your company to JACK EUGENE HEIN.

ANSWER:

6.   If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

ANSWER:

7.   Do you contend that the Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit? If so, please state:

    i.     the identity or the person, persons, or entities;
    ii.    all facts which would establish that such person, persons or entities caused
           Plaintiff's injuries in whole or in part;
    iii.   the exact manner in which Plaintiff's injuries were caused in whole or in part by
           such person, persons or entities.

ANSWER:

8.     State each and every individual act or omission on the part of the Plaintiff you now
       contend or will contend at trial caused or contributed to the collision.

ANSWER:

9.     State each and every factor other than the alleged negligence of the Plaintiff which you
       now contend or will contend at trial contributed to the collision including, but not limited
       to, acts or omissions of negligence of any other party or parties, or potential Third-Party
       Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

ANSWER:

10.    State each and every factor you now contend or will contend at trial caused or contributed
       to the Plaintiff's damages including, but not limited to, pre-existing physical or medical
       conditions of the Plaintiff.

ANSWER:

11.    Was the semi-tractor or trailer operated by JACK EUGENE HEIN at the time of the
       collision equipped with a tachograph or other on-board recording device or a satellite
       location device that would track the vehicle's movements and speed?  If so, please state:
       (a) the name, address, telephone number, and title of the person or entity presently in
       possession of such device and the records generated by such device; and (b)
       manufacturer, make, model, and type (e.g., disc, etc.) of the device.

ANSWER:

12.    Was the vehicle operated by JACK EUGENE HEIN at the time of the collision equipped
       with an Electronic On-Board Recorder to monitor drivers' hours of service?

ANSWER:

13.    State the number of commercial vehicles owned by or operated for Defendant on the date of the incident that forms the basis of this action.

ANSWER:

14.    Please describe in detail the method of payment to JACK EUGENE HEIN in effect on the date of the collision in question.

ANSWER:

15.    Did Defendant have a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the incident that forms the basis of this action? If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years prior to the date of the incident that forms the basis of this action..

ANSWER:

16.    On the date of the incident that forms the basis of this action, did Defendant use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the incident that forms the basis of this action, and if so, please state its finding and conclusions and deliberations.

ANSWER:

17.    What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to JACK EUGENE HEIN as a result of incident that forms the basis of this suit? If any were given, please state the name, position, and title of individual who issued that discipline or adverse consequences to JACK EUGENE HEIN.

ANSWER:

18.     Was JACK EUGENE HEIN tested for drugs and alcohol following incident that forms
        the basis of this suit?  If so, please state the results of such testing, the time and location
        testing, and the entity that performed the test.

ANSWER:

19.     List by date and topic all courses, classes and other training provided to JACK EUGENE
        HEIN related to hazard recognition, accident avoidance, and defensive driving from the
        time he became an employee of Defendant through the date of the incident that forms the
        basis of this action including the name(s) and title(s) of the individual(s) that performed
        such courses, classes, and training for JACK EUGENE HEIN; and the name(s) and
        title(s) of the supervisor of JACK EUGENE HEIN's driving.

ANSWER:

20.     Describe in detail your company's incident investigation and review process.

ANSWER:

21.     Identify any communication devices available to your driver on the date of the collision
        made the basis of this suit including, but not limited to, cell phones, two way radios, or
        any other electronic messaging systems.   For cell phones, provide the complete phone
        number and name of carrier.

ANSWER:

22.     Describe your interview and hiring qualifications policies and procedures relating to
        individuals in the same job position as JACK EUGENE HEIN and who hired JACK
        EUGENE HEIN.

ANSWER:

23.     Was JACK EUGENE HEIN acting within the course and scope of his employment at the
        time of the incident made the basis of this suit and the name of his employer.

ANSWER:

24.     Did Defendant have an Incentive Pay program or other similar programs related to driver
        performance in effect the date of the incident that forms the basis of this action?  If so,

please describe the program(s) in detail, or provide a complete copy of each and every program.

ANSWER:



## **VERIFICATION**

THE STATE OF _____ §

COUNTY OF _____ §
§

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his/her knowledge and completely true and correct.

_____
Signature

_____
Print Name


THE STATE OF _____ §
§
COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

SUBSCRIBED AND SWORN TO on the _____ day of _____, 2017.

_____
Notary Public, State of Texas
My Commission Expires: _____

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you" and "your" and "Defendant" shall refer to THREE DIAMOND LEASING, LLC the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of THREE DIAMOND LEASING, LLC, whether authorized to do so or not.

2.      The term "Plaintiff" shall refer to SERGIO ALPIZAR.

3.      The term "driver" means the individual operating the commercial vehicle that struck the Plaintiffs on May 3, 2017.

4.      The terms "incident" and "made the basis of this suit" means the incident in which Plaintiffs was struck by the driver of a commercial vehicle, on May 3, 2017 in Bexar County, Texas.

5.      The terms "commercial truck" and "commercial vehicle" shall mean the commercial vehicle involved in the incident made the basis of this suit.

6.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with TEX. R. CIV. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports,

evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7.      The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

8.      "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      (vii)    the physical location of the document and the name of its custodian or custodians.

(9)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

(10)    The term "settlement" means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any defendants or between any defendants herein whereby Plaintiff or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

      (a) The term "settlement" is also meant to include any resolution of the differences between the Plaintiff and Defendant(s) by loan to the Plaintiff or any other device, which is repayable in whole or in part out of any judgment the Plaintiff, may recover against Defendant(s).

      (b) The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

## USE OF DEFINITIONS

    The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## FIRST SET OF INTERROGATORIES TO THREE DIAMOND LEASING, LLC

1.  For the individual answering these interrogatories on behalf of Defendant, please state:

    a.  Your name and address;
    b.  Your job title, and description.

ANSWER:


2.  State the name, job title and description, and address of JACK EUGENE HEIN's immediate supervisor.

ANSWER:

3.  State the name, address, telephone number and title of the person or persons involved in the hiring of JACK EUGENE HEIN.

ANSWER:


4.  State the nature of the trip being made by JACK EUGENE HEIN, including the location from which the driver left and the intended destination, including the reason for the trip.

ANSWER:


5.  State what type of driver training program or driver monitoring was provided by your company to JACK EUGENE HEIN.

ANSWER:


6.  If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

ANSWER:


8.  Do you contend that the Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit?  If so, please state:

iv.    the identity or the person, persons, or entities;

v.    all facts which would establish that such person, persons or entities caused Plaintiff's injuries in whole or in part;

vi.    the exact manner in which Plaintiff's injuries were caused in whole or in part by such person, persons or entities.

ANSWER:

8.    State each and every individual act or omission on the part of the Plaintiff you now contend or will contend at trial caused or contributed to the collision.

ANSWER:

9.    State each and every factor other than the alleged negligence of the Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

ANSWER:

10.    State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

ANSWER:

11.    Was the semi-tractor or trailer operated by JACK EUGENE HEIN at the time of the collision equipped with a tachograph or other on-board recording device or a satellite location device that would track the vehicle's movements and speed? If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; and (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

ANSWER:

12.    Was the vehicle operated by JACK EUGENE HEIN at the time of the collision equipped with an Electronic On-Board Recorder to monitor drivers' hours of service?

ANSWER:

13.     State the number of commercial vehicles owned by or operated for Defendant on the date of the incident that forms the basis of this action.

ANSWER:

14.     Please describe in detail the method of payment to JACK EUGENE HEIN in effect on the date of the collision in question.

ANSWER:

15.     Did Defendant have a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the incident that forms the basis of this action? If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director; (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years prior to the date of the incident that forms the basis of this action..

ANSWER:

16.     On the date of the incident that forms the basis of this action, did Defendant use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the incident that forms the basis of this action, and if so, please state its finding and conclusions and deliberations.

ANSWER:

17.     What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to JACK EUGENE HEIN as a result of incident that forms the basis of this suit? If any were given, please state the name, position, and title of individual who issued that discipline or adverse consequences to JACK EUGENE HEIN.

ANSWER:

18.  Was JACK EUGENE HEIN tested for drugs and alcohol following incident that forms the basis of this suit?  If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

ANSWER:

19.  List by date and topic all courses, classes and other training provided to JACK EUGENE HEIN related to hazard recognition, accident avoidance, and defensive driving from the time he became an employee of Defendant through the date of the incident that forms the basis of this action including the name(s) and title(s) of the individual(s) that performed such courses, classes, and training for JACK EUGENE HEIN; and the name(s) and title(s) of the supervisor of JACK EUGENE HEIN's driving.

ANSWER:

20.  Describe in detail your company's incident investigation and review process.

ANSWER:

21.  Identify any communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, cell phones, two way radios, or any other electronic messaging systems.  For cell phones, provide the complete phone number and name of carrier.

ANSWER:

22.  Describe your interview and hiring qualifications policies and procedures relating to individuals in the same job position as JACK EUGENE HEIN and who hired JACK EUGENE HEIN.

ANSWER:

23.  Was JACK EUGENE HEIN acting within the course and scope of his employment at the time of the incident made the basis of this suit and the name of his employer.

ANSWER:

24.  Did Defendant have an Incentive Pay program or other similar programs related to driver performance in effect the date of the incident that forms the basis of this action?  If so,

please describe the program(s) in detail, or provide a complete copy of each and every program.

ANSWER:



## **VERIFICATION**

THE STATE OF _____ §
                             §
COUNTY OF _____ §

 BEFORE ME, the undersigned authority, a Notary Public, on this day personally

appeared _____, who being by me duly sworn under oath

deposed and said that he/she is duly qualified and authorized in all respects to make this

Affidavit; that he/she has read the above and foregoing answers, and that every statement

contained in this Discovery is within his/her knowledge and completely true and correct.


_____
Signature


_____
Print Name


THE STATE OF _____ §
                             §
COUNTY OF _____ §

 BEFORE ME, the undersigned authority, on this day personally appeared
_____, who being first duly sworn, stated that each and all of the
foregoing Answers to Interrogatories are true and correct.

 SUBSCRIBED AND SWORN TO on the _____ day of _____, 2017.


_____
Notary Public, State of Texas
My Commission Expires: _____

## NOTICE OF SELF-AUTHENTICATION

51.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Pre judgment interest;
12.   Post judgment interest;
13.   Exemplary damages;
14.   Loss of past wages;
15.   Loss of future wages;

16.   Loss of wage earning capacity;

17.   Property damage; and

18.   Loss of use.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By:

Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Darius Khosravian
State Bar No.: 24085414
*email: bgonzalez-svc@tjhlaw.com

* **service by email to this address only**
   **ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT

THE STATE OF TEXAS    §
                                  §

COUNTY OF BEXAR    §

       **BEFORE ME,** the undersigned authority, personally appeared, Bernardo Gonzalez, who upon his oath stated,

       "I am an attorney licensed to practice law in the State of Texas. I have been employed to represent Plaintiff SERGIO ALPIZAR for the injuries he sustained in the incident which occurred on May 3, 2017. If the 18-wheeler truck and a trailer involved in this incident which is in the possession of the Defendants and relevant evidence are in any way altered, crucial evidence may be forever lost to the Plaintiff. The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

       "Further, Affiant sayeth not."

_____
         Bernardo Gonzalez

       **SUBSCRIBED AND SWORN TO BEFORE ME**, by the said Bernardo Gonzalez, on the _____ day of July, 2017, to certify which witness my hand and seal.

_____
Notary Public, State of Texas

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED: SERGIO ALPIZAR v. JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| Name:<br>Bernardo Gonzalez<br><br>Address:<br>521 Starr Street<br><br>City/State/Zip:<br>Corpus Christi, Texas 78401<br><br>Signature:<br><br>Email:<br>bgonzalez-svc@tjhlaw.com<br><br>Telephone:<br>(361) 985-0600<br><br>Fax:<br>(361) 985-0601<br><br>State Bar No:<br>08124100 | Plaintiff(s)/Petitioner(s):<br>Sergio Alpizar<br><br>Defendant(s)/Respondent(s):<br>John Christner Trucking, LLC;<br>Three Diamond Leasing, LLC<br>and<br>Jack Eugene Hein<br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☒ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☒ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law):**
☐ Less than $100,000, including damages of any kind, penalties, costs expenses, prejudgment interest, and attorney fees
☐ Less than $100,000 and non monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

FILED
7/17/2017 2:34 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CAUSE NO. **2017CI12969**

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| **Defendants.** | § | BEXAR COUNTY, TEXAS |

### TEMPORARY RESTRAINING ORDER AND
### ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, SERGIO ALPIZAR, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented. Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the vehicles involved in the May 3, 2017, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN ("Hein" is the driver of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not

immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, all maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN,

their agents, servants, employees, and anyone acting in concert therewith, or anyone having

knowledge of this order are hereby commanded forthwith to desist and refrain from the

following:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, JACK EUGENE HEIN's payment of services, JACK EUGENE HEIN's Qualification File and JACK EUGENE HEIN's Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera, and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $_____.

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at _____ o'clock ___.m., on the ____ day of _____, 2017, in the _____ District Court, Bexar County, San Antonio, Texas, Room _____.

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on _____.

**SIGNED AND ENTERED** this the _____ day of _____, 2017 at
_____ O'Clock, ____.m.

_____
JUDGE PRESIDING

Case Number: 2017CI12969                          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

CAUSE NO. _____

| | | |
|---|---|---|
| **SERGIO ALPIZAR,** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | ____ JUDICIAL DISTRICT |
| | § | |
| **JOHN CHRISTNER TRUCKING, LLC,** | § | |
| **THREE DIAMOND LEASING, LLC,** | § | |
| **AND JACK EUGENE HEIN,** | § | |
| **Defendants.** | § | BEXAR COUNTY, TEXAS |

## BOND

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| **COUNTY OF BEXAR** | § |

WHEREAS, in above-styled cause, the Honorable Judge Presiding, did on the _____ day of July, 2017, sign an Order granting   Plaintiff's Temporary Restraining Order against Respondents herein and ordering Applicant to make, execute and file a Temporary Restraining Order Bond before issuance of the Temporary Restraining Order, therefore:

KNOW ALL MEN BY THESE PRESENTS, that I, SERGIO ALPIZAR, the principal, and Bernardo Gonzalez and Darius Khosravian as sureties, conditioned that Applicant will abide by the decision that may be made in the aforesaid cause, and that they will pay all sums of money and costs that may be adjudged against them if the Temporary Restraining Order issued on June _____, 2017, in the aforesaid cause shall be dissolved in whole or in part.

THAT I, SERGIO ALPIZAR, the principals, and Bernardo Gonzalez and Darius Khosravian as sureties, are held and firmly bound in the sum of _____ for the payment of which sum, or sums, well are truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

WITNESS OUR HANDS this the _____ day of July, 2017.

Principal: _____

Address:     Sergio Alpizar
          6907 Trail Lake
          San Antonio, Texas 78244

**Sureties:**

Surety: _____
          Bernardo Gonzalez
          Thomas J. Henry Injury Attorneys
Address:     521 Starr Street
          Corpus Christi, Texas 78401
          State Bar No.: 08124100
Telephone:  361-985-0600

Surety: _____
          Darius Khosravian
          Thomas J. Henry Injury Attorneys
Address:     521 Starr Street
          Corpus Christi, Texas 78401
          State Bar No.: 24085414
Telephone:  361-985-0600

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of July 2017.

_____
Notary Public, State of Texas

## OATH OF SURETIES

**THE STATE OF TEXAS**  §
§
**COUNTY OF BEXAR**  §

I, Bernardo Gonzalez, do swear that I am worth in my own right, at least the sum of

_____ ($_____) after deducting from my property all that which is exempt by the

Constitution and laws of the State from forced sale, and after the payment of all my debts, of

every description, whether individual or security debts and after satisfying all encumbrances

upon my property which are known to me, and that I reside in the County of Bexar and have

property in the State liable to execution worth:

The said sum of _____ ($_____).

_____
Bernardo Gonzalez

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the ____ day of July 2017.

_____

Notary Public, State of Texas

## OATH OF SURETIES

THE STATE OF TEXAS          §
                            §
COUNTY OF BEXAR             §

I, Darius Khosravian, do swear that I am worth in my own right, at least the sum of

_____ ($_____) after deducting from my property all that which is exempt by the

Constitution and laws of the State from forced sale, and after the payment of all my debts, of

every description, whether individual or security debts and after satisfying all encumbrances

upon my property which are known to me, and that I reside in the County of Bexar and have

property in the State liable to execution worth:

The said sum of _____ ($_____).


_____
Darius Khosravian


**SUBSCRIBED AND SWORN TO BEFORE ME** on this the ____ day of July 2017.


_____
Notary Public, State of Texas



2017CI12969 -0037

CAUSE NO. **2017CI12969**

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, SERGIO ALPIZAR, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented.  Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the vehicles involved in the May 3, 2017, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN ("Hein" is the driver of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not

Case Number: 2017CI12969                Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

S00001- 2017CI12969

DOCUMENT SCANNED AS FILED

immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively or any downloaded information relating to any GPS tracking device or system on the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively, all maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN,

**DOCUMENT SCANNED AS FILED**

their agents, servants, employees, and anyone acting in concert therewith, or anyone having

knowledge of this order are hereby commanded forthwith to desist and refrain from the

following:

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant JOHN CHRISTNER TRUCKING, LLC, Defendant, THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, to include any trip tickets, JACK EUGENE HEIN's daily logs, record of JACK EUGENE HEIN's duty status, JACK EUGENE HEIN's daily condition report, JACK EUGENE HEIN's payment of services, JACK EUGENE HEIN's Qualification File and JACK EUGENE HEIN's Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

DOCUMENT SCANNED AS FILED

Taking any action that might alter, damage, repair, or destroy the 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision and its component parts to include electronic control module, dash camera and any data already downloaded from the electronic control module and dash camera involved in the incident on May 3, 2017, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant JACK EUGENE HEIN; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant JACK EUGENE HEIN at the time of the collision on May 3, 2017, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the van or any downloaded information relating to any GPS tracking device or system on the van; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer respectively involved in the May 3, 2017, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on May 3, 2017, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $500.00.

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock a.m., on the 2nd day of August, 2017, in the Presiding District Court, Bexar County, San Antonio, Texas, Room 109.

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on August 2, 2017

Case Number: 2017CI12969    Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

SIGNED AND ENTERED this the 19ʰ day of July , 2017 at 2:57 O'Clock, P .m.

_____
JUDGE PRESIDING

AGREED AS TO FORM:

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By:_____
Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Darius Khosravian
State Bar No.: 24085414
*email: bgonzalez-svc@tjhlaw.com
* **service by email to this address only**
ATTORNEYS FOR PLAINTIFF

Case Number: 2017CI12969        Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

DOCUMENT SCANNED AS FILED



2017CI12969 -B00001

CAUSE NO. _2017CI12969_

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 37th JUDICIAL DISTRICT |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| THREE DIAMOND LEASING, LLC, | § | |
| AND JACK EUGENE HEIN, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## BOND

THE STATE OF TEXAS   §
COUNTY OF BEXAR   §

WHEREAS, in above-styled cause, the Honorable Judge Presiding, did on the __19__ day of July, 2017, sign an Order granting   Plaintiff's Temporary Restraining Order against Respondents herein and ordering Applicant to make, execute and file a Temporary Restraining Order Bond before issuance of the Temporary Restraining Order, therefore:

KNOW ALL MEN BY THESE PRESENTS, that I, SERGIO ALPIZAR, the principal, and Bernardo Gonzalez and Darius Khosravian as sureties, conditioned that Applicant will abide by the decision that may be made in the aforesaid cause, and that they will pay all sums of money and costs that may be adjudged against them if the Temporary Restraining Order issued on June _____, 2017, in the aforesaid cause shall be dissolved in whole or in part.

THAT I, SERGIO ALPIZAR, the principals, and Bernardo Gonzalez and Darius Khosravian as sureties, are held and firmly bound in the sum of __$500.00__ for the payment of which sum, or sums, well are truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

WITNESS OUR HANDS this the __19__ day of July, 2017.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

17 JUL 19 PM 4: 35

DOCUMENTS SCANNED AS FILED

Principal:    *Sergio Alpizar w/p* D.K.
             Sergio Alpizar
Address:     6907 Trail Lake
             San Antonio, Texas 78244

**Sureties:**

Surety: _____
             Bernardo Gonzalez
             Thomas J. Henry Injury Attorneys
Address:     521 Starr Street
             Corpus Christi, Texas 78401
             State Bar No.: 08124100
Telephone:   361-985-0600

Surety: _____
             Darius Khosravian
             Thomas J. Henry Injury Attorneys
Address:     521 Starr Street
             Corpus Christi, Texas 78401
             State Bar No.: 24085414
Telephone:   361-985-0600


SUBSCRIBED AND SWORN TO BEFORE ME on this the ⎯19⎯ day of July 2017.

_____
Notary Public, State of Texas

CAITLIN MICHELLE GALLAGHER
Notary Public, State of Texas
My Commission Expires
May 18, 2019

CAITLIN MICHELLE GALLAGHER
Notary Public, State of Texas
My Commission Expires
May 18, 2019


APPROVED ON THIS *19th* DAY OF ⎯JULY⎯, 20⎯17⎯,

DEPUTY: _____
             DONNA KAY McKINNEY
             DISTRICT CLERK
             BEXAR COUNTY, TEXAS

DOCUMENTS SCANNED AS FILED

## OATH OF SURETIES

THE STATE OF TEXAS §
§
COUNTY OF BEXAR §

I, Bernardo Gonzalez, do swear that I am worth in my own right, at least the sum of

___$500.00___ ($ 500.00 ) after deducting from my property all that which is exempt by the

Constitution and laws of the State from forced sale, and after the payment of all my debts, of

every description, whether individual or security debts and after satisfying all encumbrances

upon my property which are known to me, and that I reside in the County of Bexar and have

property in the State liable to execution worth:

The said sum of ___$500.00___ ($ ___ ).

_____
Bernardo Gonzalez

SUBSCRIBED AND SWORN TO BEFORE ME on this the 19 day of July 2017.

_____
Notary Public, State of Texas

CAITLIN MICHELLE GALLAGHER
Notary Public, State of Texas
My Commission Expires
May 18, 2019

DOCUMENTS SCANNED AS FILED

## OATH OF SURETIES

THE STATE OF TEXAS   §
                              §
COUNTY OF BEXAR   §

      I, Darius Khosravian, do swear that I am worth in my own right, at least the sum of

__ $500.00 ($_____ ) after deducting from my property all that which is exempt by the

Constitution and laws of the State from forced sale, and after the payment of all my debts, of

every description, whether individual or security debts and after satisfying all encumbrances

upon my property which are known to me, and that I reside in the County of Bexar and have

property in the State liable to execution worth:

      The said sum of _____ $500 ($ OO ).



Darius Khosravian

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 11 day of July 2017.

CAITLIN MICHELLE GALLAGHER
Notary Public, State of Texas
My Commission Expires
May 18, 2019

Notary Public, State of Texas

DOCUMENTS SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2017-CI-12969

2017CI12969  S00001

SERGIO ALPIZAR
vs.
JOHN CHRISTNER TRUCKING LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



**CITATION**

"THE STATE OF TEXAS"

Directed To: JOHN CHRISTNER TRUCKING LLC

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION, a default judgment may be taken against you." Said ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION was filed on the 17th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF JULY A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401

Samuel Martin
07/21/17

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*,  Deputy

---

SERGIO ALPIZAR
VS
JOHN CHRISTNER TRUCKING LLC ET AL

**Officer's Return**

Case Number: 2017-CI-12969
Court:  37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION  on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at_____ or (  ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

Page 126 of 150

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

Case Number: 2017-CI-12969

2017CI12969   S00002

**SERGIO ALPIZAR**

VS.

**JOHN CHRISTNER TRUCKING LLC ET AL**

*Samuel Martin*

*07/21/17*

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# TEMPORARY RESTRAINING ORDER
With Bond

"THE STATE OF TEXAS"
To: JOHN CHRISTNER TRUCKING LLC

CRT

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

Whereas, in a certain cause pending on the docket of the 37th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-12969, wherein SERGIO ALPIZAR is Plaintiff and JOHN CHRISTNER TRUCKING LLC is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, JOHN CHRISTNER TRUCKING LLC as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, JOHN CHRISTNER TRUCKING LLC , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 2nd day of August, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 20th Day of July A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401



**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Larry Botello*, Deputy

RETURN

CAME TO HAND ON THE _____ DAY OF _____, A.D._____ AT _____ O'CLOCK _____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____, A.D.,_____ BY DELIVERING TO _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____.

TOTAL FEES: _____

Case Number: 2017CI12969                    Document Type: ~~TEMPORARY RESTRAINING ORDER~~ AND ORDER SETTING HEARING

BY _____

File Copy (Dk022)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2017-CI-12969



2017CI12969  S00903

SERGIO ALPIZAR
**vs.**
**JOHN CHRISTNER TRUCKING LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: THREE DIAMOND LEASING LLC

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION, a default judgment may be taken against you." Said ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION was filed on the 17th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF JULY A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401

*Samuel Martin*

07/21/17



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

SERGIO ALPIZAR
VS
JOHN CHRISTNER TRUCKING LLC ET AL

**Officer's Return**

Case Number: 2017-CI-12969
Court:  37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at_____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION  on the date of delivery endorsed on it to_____, in person on the _____ day of_____`, 20_____ at _____ o'clock ___M. at_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas
By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

2017CI12969   S00004

Case Number: 2017-CI-12969

SERGIO ALPIZAR

VS.

JOHN CHRISTNER TRUCKING LLC ET AL

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER
With Bond

"THE STATE OF TEXAS"
To: THREE DIAMOND LEASING LLC

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER



CRT

Whereas, in a certain cause pending on the docket of the 37th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-12969, wherein SERGIO ALPIZAR is Plaintiff and THREE DIAMOND LEASING LLC is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, THREE DIAMOND LEASING LLC as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, THREE DIAMOND LEASING LLC , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 2nd day of August, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 20th Day of July A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401

Samuel Martin
07/21/17

**Donna Kay McKinney**
**Bexar County District Clerk**

By : *Larry Botello*, Deputy

### RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D._____ AT _____ O'CLOCK _____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____,A.D.,_____ BY DELIVERING TO _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____

TOTAL FEES: _____     _____

                                     COUNTY, TEXAS

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
                                     BY _____

                                     File Copy (Dk022)

## DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2017-CI-12969



2017CI12969   S00805

**SERGIO ALPIZAR**
**VS.**
**JOHN CHRISTNER TRUCKING LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

### CITATION

"THE STATE OF TEXAS"

Directed To: JACK EUGENE HEIN



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this CITATION and ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION
WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION, a default judgment may be taken
against you." Said ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH
RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION was filed on the 17th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF JULY A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401

*Samuel Martin*
*07/21/17*



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

SERGIO ALPIZAR
VS
JOHN CHRISTNER TRUCKING LLC ET AL

**Officer's Return**

Case Number: 2017-CI-12969
Court:  37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIG

PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION  on the date of

delivery endorsed on it to_____, in person on the _____ day of_____, 20____ at _____ o'clock

___M. at _____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on

the _____ day of_____, 20_____.

_____
Declarant

Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

FILE COPY (DK902)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

2017CI12969  S00006

Case Number: 2017-CI-12969

SERGIO ALPIZAR

VS.

JOHN CHRISTNER TRUCKING LLC ET AL

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



# TEMPORARY RESTRAINING ORDER
With Bond

"THE STATE OF TEXAS"
To: JACK EUGENE HEIN

Whereas, in a certain cause pending on the docket of the 37th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-12969, wherein SERGIO ALPIZAR is Plaintiff and JACK EUGENE HEIN is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, JACK EUGENE HEIN as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, JACK EUGENE HEIN , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 2nd day of August, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 20th Day of July A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401

Samuel Martin

07/21/17



**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Larry Botello*, Deputy

## RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D._____ AT _____ O'CLOCK ____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____,A.D.,_____ BY DELIVERING TO _____ IN PERSON. A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____

TOTAL FEES: _____

_____

_____

Case Number: 2017CI12969

Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
BY _____

**DOCUMENT SCANNED AS FILED**

File Copy (Dk022)

FILED
7/28/2017 11:47 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Bexar**                    37 Th District Court

Case Number: 2017CI12969   Court Date: 8/2/2017  9:00 am

Sergio Alpizar

Plaintiff:
**SERGIO ALPIZAR**

vs.

Defendant:
**JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN**

For:
Bernardo Gonzalez
Law Office Of Thomas J Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Allen Civil Process on the 24th day of July, 2017 at 12:35 pm to be served on Three Diamond Leasing Llc Registered Agent: DARRYL A CHRISTNER, 19007 W. Highway 33, Sapulpa, Creek County, OK 74067.

I, Austen Hendrickson, being duly sworn, depose and say that on the 26th day of July, 2017 at 3:55 pm, I:

EXECUTED by delivering to the within named business entity, Three Diamond Leasing Llc a true copy of the .Citation and Plaintiffs Original Petition, Application For Temporary Restraining Order and Injunction, Request For Discovery and Disclosure and First Set Of: Interrogatories, Production and Admissions, Bond For Injunction, Order Setting Hearing For Temporary Injunction and Temporary Restraining Order with the date of service endorsed thereon by me, to LORI LOY, Registered Agent in person at the Work address of  19007 W. Highway 33, Sapulpa, Creek County, OK 74067,.
and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 40s, Sex: F, Race/Skin Color: White, Height: 5'9, Weight: 200, Hair: Blonde, Glasses: -

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF Oklahoma

Subscribed and Sworn to before me on
the 27 day of July , 2017
by the affiant who is personally known to me.

NOTARY PUBLIC

Austen Hendrickson
PSL# 20185

Allen Civil Process
400 Mann Street Suite 902
Corpus Christi, TX 78401
(361) 884-1657

Our Job Serial Number: ALN-2017003922
Ref: Sergio Alpizar



M. SPENCER
Notary Public in and for
STATE OF OKLAHOMA
Commission #08002847
Expires: March 10, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1)

PRIVATE PROCESS



2017CI12969  S00003

Case Number: 2017-CI-12969

**SERGIO ALPIZAR**
**VS.**
**JOHN CHRISTNER TRUCKING LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



### CITATION

"THE STATE OF TEXAS"

Directed To: THREE DIAMOND LEASING LLC

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION, a default judgment may be taken against you." Said ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION was filed on the 17th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF JULY A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

SERGIO ALPIZAR
VS
JOHN CHRISTNER TRUCKING LLC ET AL

**Officer's Return**

Case Number: 2017-CI-12969
Court:  37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIG PETITION, APPLICATION FOR   TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION  on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M at _____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

PRIVATE PROCESS



2017CI12969   S00004

Case Number: 2017-CI-12969

SERGIO ALPIZAR

VS.

JOHN CHRISTNER TRUCKING LLC ET AL

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



# TEMPORARY RESTRAINING ORDER
### With Bond

"THE STATE OF TEXAS"
To: THREE DIAMOND LEASING LLC

## BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

Whereas, in a certain cause pending on the docket of the 37th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-12969, wherein SERGIO ALPIZAR is Plaintiff and THREE DIAMOND LEASING LLC  is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, THREE DIAMOND LEASING LLC  as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and  consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, THREE DIAMOND LEASING LLC  , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 2nd day of August, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 20th Day of July A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401



**Donna Kay McKinney**
**Bexar County District Clerk**

By : *Larry Botello,* Deputy

## RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D. _____ AT _____ O'CLOCK _____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____ ,A.D.,_____ BY DELIVERING TO _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____

TOTAL FEES: _____

_____
COUNTY, TEXAS
BY: _____

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

Original (Dk022)

FILED
7/28/2017 3:48 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Bexar**                    **37 Th District Court**

Case Number: 2017Cl12969    Court Date: 8/2/2017  9:00 am

Plaintiff:
**SERGIO ALPIZAR**

vs.

Defendant:
**JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN**

For:
Bernardo Gonzalez
Law Office Of Thomas J Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Allen Civil Process on the 24th day of July, 2017 at 12:35 pm to be served on **John Christner Trucking LLC Registered Agent: DARRYL A CHRISTNER, 19007 W. Highway 33, Sapulpa, Creek County, OK 74067.**

I, Austen Hendrickson, being duly sworn, depose and say that on the **26th day of July, 2017 at 3:55 pm, I:**

**EXECUTED** by delivering to the within named business entity, John Christner Trucking LLC a true copy of the .Citation and Plaintiffs Original Petition, Application For Temporary Restraining Order and Injunction, Request For Discovery and Disclosure and First Set Of: Interrogatories, Production and Admissions, Bond For Injunction, Order Setting Hearing For Temporary Injunction and Temporary Restraining Order with the date of service endorsed thereon by me, to **LORI LOY, Registered Agent** in person at the Work address of  **19007 W. Highway 33, Sapulpa, Creek County, OK 74067,**.
and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40s, Sex: F, Race/Skin Color: White, Height: 5'9, Weight: 200, Hair: blonde, Glasses: -

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF OKlahoma

Subscribed and Sworn to before me on
the 27 day of July, 2017
by the affiant who is personally known to me.

NOTARY PUBLIC

Austen Hendrickson
PSL# 2016-5

**Allen Civil Process**
**400 Mann Street Suite 902**
**Corpus Christi, TX 78401**
**(361) 884-1657**

Our Job Serial Number: ALN-2017003924
Ref: Sergio Alpizar



M. SPENCER
Notary Public in and for
STATE OF OKLAHOMA
Commission #08002847
Expires: March 10, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1l

PRIVATE PROCESS



Case Number: 2017-CI-12969

2017CI12969 S00001

SERGIO ALPIZAR
VS.
JOHN CHRISTNER TRUCKING LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



## CITATION

"THE STATE OF TEXAS"

Directed To: JOHN CHRISTNER TRUCKING LLC


BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER


"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this CITATION and ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION
WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION, a default judgment may be taken
against you." Said ORIG PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH
RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION was filed on the 17th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF JULY A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Larry Botello*, Deputy

---

SERGIO ALPIZAR
VS
JOHN CHRISTNER TRUCKING LLC ET AL

**Officer's Return**

Case Number: 2017-CI-12969
Court: 37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIG
PETITION, APPLICATION FOR    TEMP RESTRAINING ORDER & INJUNCTION WITH RQST FOR DISCLOSURE, INTRGGS, ADMISSIONS AND PRODUCTION  on the date of
delivery endorsed on it to_____; in person on the _____ day of _____ 20_____ at _____ o'clock
___M. at _____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on
_____, 20____.

Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

_____
Declarant

RETURN TO COURT (DK002)

FILED
7/28/2017 3:48 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

## AFFIDAVIT OF SERVICE

**State of Texas**                              **County of Bexar**                              37 Th District Court

Case Number: 2017CI12969    Court Date: 8/2/2017  9:00 am

Plaintiff:
**SERGIO ALPIZAR**

vs.

Defendant:
**JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND
JACK EUGENE HEIN**

For:
Bernardo Gonzalez
Law Office Of Thomas J Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Allen Civil Process on the 24th day of July, 2017 at 12:35 pm to be served on **John Christner
Trucking LLC Registered Agent: DARRYL A CHRISTNER, 19007 W. Highway 33, Sapulpa, Creek County, OK
74067.**

I, Austen Hendrickson, being duly sworn, depose and say that on the 26th day of July, 2017 at 3:55 pm, I:

**EXECUTED** by delivering to the within named business entity, John Christner Trucking LLC a true copy of
the .Citation and Plaintiffs Original Petition, Application For Temporary Restraining Order and Injunction, Request
For Discovery and Disclosure and First Set Of:  Interrogatories, Production and Admissions, Bond For Injunction,
Order Setting Hearing For Temporary Injunction and Temporary Restraining Order with the date of service endorsed
thereon by me, to **LORI LOY, Registered Agent** in person at the Work address of   **19007 W. Highway 33,
Sapulpa, Creek County, OK 74067,.**
and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40s, Sex: F, Race/Skin Color: White, Height: 5'9, Weight: 200, Hair: blonde,
Glasses: –

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to
serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the
statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been
convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF Oklahoma

Subscribed and Sworn to before me on
the 27 day of July , 2017
by the affiant who is personally known to me.

NOTARY PUBLIC

Austen Hendrickson
PSI# 2016-5

**Allen Civil Process
400 Mann Street Suite 902
Corpus Christi, TX 78401**
(361) 884-1657

Our Job Serial Number: ALN-2017003924
Ref: Sergio Alpizar



M. SPENCER
Notary Public in and for
STATE OF OKLAHOMA
Commission #08002847
Expires: March 10, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1l

Case Number: 2017CI12969                     Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

PRIVATE PROCESS



Case Number: 2017-CI-12969

2017CI12969   S00602

SERGIO ALPIZAR

VS.

JOHN CHRISTNER TRUCKING LLC ET AL

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



# TEMPORARY RESTRAINING ORDER
### With Bond

"THE STATE OF TEXAS"
To: JOHN CHRISTNER TRUCKING LLC

BY SERVING ITS REGISTERED AGENT, DARRYL A CHRISTNER

Whereas, in a certain cause pending on the docket of the 37th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-12969, wherein SERGIO ALPIZAR is Plaintiff and JOHN CHRISTNER TRUCKING LLC  is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, JOHN CHRISTNER TRUCKING LLC  as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, JOHN CHRISTNER TRUCKING LLC  , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 2nd day of August, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 20th Day of July A.D., 2017.

BERNARDO GONZALEZ
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**

By: *Larry Botello,* Deputy

## RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D._____ AT _____ O'CLOCK ____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____,A.D._____ BY DELIVERING TO _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____.

TOTAL FEES: _____

_____
COUNTY, TEXAS

Case Number: 2017CI12969          Document Type: TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

BY _____

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*July 31, 2017*

DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS

By:

CELIA RAMIREZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

CAUSE NO. 2017-CI-12969

| | | |
|---|---|---|
| SERGIO ALPIZAR<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 37TH JUDICIAL DISTRICT |
| JOHN CHRISTNER TRUCKING, LLC,<br>THREE DIAMOND LEASING, LLC,<br>AND JACK EUGENE HEIN,<br>Defendants | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants JOHN CHRISTNER TRUCKING, LLC ("Christner"), THREE

DIAMOND LEASING, LLC ("Three Diamond"), AND JACK EUGENE HEIN ("Hein") and files

this their Original Answer to Plaintiff's Original Petition, Application a Temporary Restraining

Order and Injunction, with Request for Disclosure, Interrogatories, Request for Admissions, and

Request for Production and for such would show the following:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants enter a general

denial to the allegations as alleged in Plaintiff's Original Petition, and place all matters in issue.

### II.

Pursuant to the terms of the Texas Rules of Civil Procedure, Defendants file this Answer

to Plaintiff's Original Petition, Application a Temporary Restraining Order and Injunction, with

Request for Disclosure, Interrogatories, Request for Admissions, and Request for Production in

the time prescribed by law. Defendants reserve the right to amend or supplement this Answer at a

later time.

**III.**

Defendants demands a trial by jury as to all issues triable by jury as a matter of right.

**IV.**

Further pleading, Defendants would show that Plaintiff's accident and injuries, if any, were caused in whole or in part by the negligent acts and/or breaches of duty of third parties, and such acts were the sole proximate cause or alternatively, a proximate, superseding, intervening, comparative, or contributing cause of the damages for which Plaintiff now seeks recovery.

**V.**

Additionally, and without waiving the foregoing, Defendants are entitled to submission of the conduct of Responsible Third Parties pursuant to the laws of the State of Texas and Tex. Civ. Prac. & Rem. Code Sec. §33.004. Defendants would show that the incident in question was the result of acts and omissions of other entities or instrumentalities not in the control of Defendants. The acts and omissions were negligent, and constitute the sole cause, a proximate cause, producing cause, new and intervening cause, superseding cause, and/or contributing cause of the incident in question, and any damages arising therefrom.

**VI.**

Further answering and without waiving the foregoing, Plaintiff's injuries and damages, if any, were the result of open and obvious conditions and/or risks assumed by Plaintiff and Plaintiff's own intentional acts and/or acts of negligence, and such acts were the intervening, independent, superseding, contributing, comparative, producing, proximate, and/or sole cause of the injuries for which Plaintiff now seeks recovery.

**VII.**

1.   Defendants are unable to admit or deny the allegations of paragraph 1 of Plaintiff's Original Petition, and therefore deny the allegations.

DEFENDANT`S ORIGINAL ANSWER

2.    Defendants are unable to admit or deny the allegations of paragraph 2 of Plaintiff's Original Petition, and therefore deny the allegations.

3.    Defendants admit that Christner is a Foreign Company and is organized as a Limited Liability Company (LLC) in the state of Oklahoma.  Defendant further admits that Christner has not designated and does not maintain a resident agent in the State of Texas for service of process. Defendants further admit that the registered agent for Christner is Darryl A. Christner.

4.    Defendants admit that Three Diamond is a Foreign Company and is organized as a Limited Liability Company (LLC) in the state of Oklahoma.  Defendant further admits that Three Diamond has not designated and does not maintain a resident agent in the State of Texas for service of process. Defendants further admit that the registered agent for Three Diamond is Darryl A. Christner.

5.    Defendants admit that Hein is an individual who resides in Huntington, Indiana. Defendants deny the remaining allegations of paragraph 5 of Plaintiff's Original Petition.

6.    Defendants admit that the Plaintiff and Hein were involved in a motor vehicle accident on May 3, 2017 along Interstate 35 in Bexar County, Texas.  Defendants deny the remaining allegations of paragraph 6 of Plaintiff's Original Petition.

7.    Defendants deny the allegations of paragraph 7 of Plaintiff's Original Petition.

8.    Defendants deny the allegations of paragraph 8 of Plaintiff's Original Petition.

9.    Defendants admit that the Plaintiff and Hein were involved in a motor vehicle accident on May 3, 2017 along Interstate 35 in Bexar County, Texas. Defendants further admit that Hein was operating a tractor trailer. Defendants admit that Hein was operating a tractor trailer on behalf of Christner.  Defendants deny the remaining allegations of paragraph 9 of Plaintiff's Original Petition.

10.   Defendants deny the allegations of paragraph 10 of Plaintiff's Original Petition.

11.   Defendants deny the allegations of paragraph 11 of Plaintiff's Original Petition.

12.   Defendants deny the allegations of paragraph 12 of Plaintiff's Original Petition, and further deny that Hein was grossly negligent or Negligent Per Se as that term is defined under Texas law.

13.   Defendants deny the allegations of paragraph 13 of Plaintiff's Original Petition, and further deny that Hein was Negligent Per Se, as that term is defined under Texas law.

14.   Defendants deny the allegations of paragraph 14 of Plaintiff's Original Petition, and further deny that Hein was grossly negligent, negligent or Negligent Per Se as that term is defined under Texas law.

15.   Defendants deny the allegations of paragraph 15 of Plaintiff's Original Petition, and further deny that Hein was grossly negligent as that term is defined under Texas law.

16.   Defendants deny the allegations of paragraph 16 of Plaintiff's Original Petition, and further deny that Hein was grossly negligent or that his actions constituted malice, as those terms are defined under Texas law.

17.   Defendants deny the allegations of paragraph 17 of Plaintiff's Original Petition.

18.   Defendants admit that, at the time of the incident made the basis of Plaintiff's lawsuit that occurred on May 3, 2017, Hein was operating a vehicle in behalf of Christner.   Defendants deny the remaining allegations of paragraph 18 of Plaintiff's Original Petition.

19.   Defendants deny the allegations of paragraph 19 of Plaintiff's Original Petition.

20.   Defendants deny the allegations of paragraph 20 of Plaintiff's Original Petition.

21.   Defendants deny the allegations of paragraph 21 of Plaintiff's Original Petition.

22.   Defendants deny the allegations of paragraph 22 of Plaintiff's Original Petition.

23.   Defendants deny the allegations of paragraph 23 of Plaintiff's Original Petition, and further deny that any of Defendants 'actions constituted gross negligence as that term is defined under Texas law.

24.   Defendants deny the allegations of paragraph 24 of Plaintiff's Original Petition, and further deny that Christner was grossly negligent as that term is defined under Texas law.

25.   Defendants deny the allegations of paragraph 25 of Plaintiff's Original Petition, and further deny that Christner was grossly negligent or that it's actions constituted malice, as those terms are defined under Texas law.

26.   Defendants deny the allegations of paragraph 26 of Plaintiff's Original Petition.

27.   Defendants admit that, at the time of the incident made the basis of Plaintiff's lawsuit that occurred on May 3, 2017, Hein was operating a vehicle in behalf of Christner.   Defendants deny the remaining allegations of paragraph 27 of Plaintiff's Original Petition.

28.  Defendants deny the allegations of paragraph 28 of Plaintiff's Original Petition.

29.  Defendants deny the allegations of paragraph 29 of Plaintiff's Original Petition.

30.  Defendants deny the allegations of paragraph 30 of Plaintiff's Original Petition.

31.  Defendants deny the allegations of paragraph 31 of Plaintiff's Original Petition.

32.  Defendants deny the allegations of paragraph 32 of Plaintiff's Original Petition.

33.  Defendants deny the allegations of paragraph 33 of Plaintiff's Original Petition, and further deny that Three Diamond was grossly negligent as that term is defined under Texas law.

34.  Defendants deny the allegations of paragraph 34 of Plaintiff's Original Petition, and further deny that Three Diamond was grossly negligent or that it's actions constituted malice, as those terms are defined under Texas law.

35.  Defendants deny the allegations of paragraph 35 of Plaintiff's Original Petition.

36.  Defendants deny the allegations of paragraph 36 of Plaintiff's Original Petition.

37.  Defendants deny the allegations of paragraph 37 of Plaintiff's Original Petition.

38.  Defendants deny the allegations of paragraph 38 of Plaintiff's Original Petition, and further deny that Plaintiff is entitled to any damages.

39.  Defendants deny the allegations of paragraph 39 of Plaintiff's Original Petition.

40.  Defendants are unable to admit or deny the allegations of paragraph 40 of Plaintiff's Original Petition, and therefore deny the allegations of paragraph 40.

41.  Defendants are unable to admit or deny the allegations of paragraph 41 of Plaintiff's Original Petition, and therefore deny the allegations of paragraph 41.

42.  Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief.  Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure.  Defendants deny the remaining allegations of paragraph 42 of Plaintiff's Original Petition.

43.  Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief.  Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 43 of Plaintiff's Original Petition.

44. Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 44 of Plaintiff's Original Petition.

45. Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 45 of Plaintiff's Original Petition.

46. Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 45 of Plaintiff's Original Petition.

47. Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 47 of Plaintiff's Original Petition.

48. Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 48 of Plaintiff's Original Petition.

49.  Defendants specifically deny that Plaintiff is entitled to a temporary restraining order, temporary injunction, or any other injunctive relief. Defendants further deny that Plaintiff has supported his request with an affidavit, pursuant to the requirements of Rule 680, et seq., Texas Rules of Civil Procedure. Defendants deny the remaining allegations of paragraph 44 of Plaintiff's Original Petition.

50.  Defendants deny the allegations of paragraph 50 of Plaintiff's Original Petition.

51.  Defendants are unable to admit or deny the allegations of paragraph 51 of Plaintiff's Original Petition, and therefore deny the allegations of paragraph 51.

52. Defendants deny the allegations of the "Prayer" of Plaintiff's Original Petition. Defendants further deny that the Plaintiff is entitled to any damages, as pled by Plaintiff in the "Prayer" of Plaintiff's Original Petition. Defendants further deny

that the Plaintiff is entitled to any exemplary damages, as pled by Plaintiff in the "Prayer" of Plaintiff's Original Petition.

## AFFIRMATIVE DEFENSES

### VIII.

Plaintiff, Sergio Alpizar, was negligent in the operation of his vehicle at the time and place of the incident at issue, and such negligence was the sole or proximate or producing cause of the incident and of any injuries or damages to Plaintiff.

### IX.

Plaintiff, Sergio Alpizar, was at fault, and such fault was the sole, or proximate or producing cause of any injuries or damages to the Plaintiff.

### X.

The fault of Plaintiff, Sergio Alpizar, constituted an independent, intervening, or superseding cause of any injuries or damages to the Plaintiff.

### XI.

Plaintiff, Sergio Alpizar, was negligent, in that Plaintiff has failed to mitigate damages, if any, which are being alleged by Plaintiff in Plaintiff's Original Petition.

### XII.

Defendants further plead any and all provisions of Chapter 32 and 33, Tex. Civ. Prac. & Rem. Code applicable to this action. Defendants further plead any and all provisions of Chapter 41, Tex. Civ. Prac. & Rem. Code applicable to this action. Defendants requests a determination of any parties' or Responsible Third Parties' percentage of responsibility.

## XIII.

Defendants further plead that an award of punitive or exemplary damages as requested by Plaintiff would contravene and violate Section 1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of law; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process.   Plaintiff claims for punitive or exemplary damages are unconstitutional in the following respects:

a. Plaintiff's claims for punitive or exemplary damages against Defendants cannot be sustained because the standard for determining liability for punitive damages under Texas law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim and therefore violates Defendants' constitutional due process rights under the Fourteenth Amendment of the United States Constitution and under Article 1, Section 19 of the Texas Constitution.

b. Plaintiff's claims for punitive or exemplary damages cannot be sustained against Defendants in this case because Texas law does not (i) provide a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damage award, (ii) provide limits on punitive damages imposed by the applicable principles of deterrence and punishment, (iii) prohibit an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendants, or (iv) provide for judicial review on the basis of objective standards in violation of Defendants 'due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process, and Article 1, Section 14 of the Texas Constitution, which guarantees against double jeopardy.

c. Plaintiff's claims for punitive or exemplary damages against Defendants cannot be sustained in this case because any award of punitive damages under Texas law without bifurcating the trial of all punitive damage issues, and the failure of the court to adopt other procedural constitutional safeguards in the submission of evidence related to determine the size of any punitive damage award would violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of laws; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of laws; and Article 1, Section 19 of the Texas Constitution, which guarantees due process of law.

d.  Plaintiff's claim for punitive or exemplary damages against Defendants cannot be sustained in this case because imposition of a punitive damage award would violate the due process clauses of the Constitution of the United States and the Texas Constitution, because the standard for the imposition of punitive damages lacks objective guidelines, invites the jury to engage in caprice and discrimination in the administration of the law, and permits repeated and unlimited punishment for the same alleged misconduct.

e.  Plaintiff's claims for punitive or exemplary damages against Defendants cannot be sustained because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Defendants ' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of Article 1, Section 19 of the Texas Constitution.

f.  Any award of punitive damages based on anything other than Defendants' conduct in connection with the incident that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the due process clause of Article 1, Section 19 of the Texas Constitution and Article 1, Section 14 of the Texas Constitution providing guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same alleged wrong.

g.  Plaintiff's claims for punitive or exemplary damages against Defendants cannot be sustained because any judgment for punitive damages in this case would constitute multiple punishment for the same alleged wrong and cannot protect Defendants against multiple punishment for the same alleged wrong in future cases in violation of Defendants' rights to due process and equal protection of laws under the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 and 19 of the Texas Constitution.

h.  Further pleading, due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least a "clear and convincing evidence" standard of proof.

i.  Alternatively, in the event the Court allows the jury to consider awarding punitive damages despite the constitutional defects described above, Defendants assert that the cap on exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code applies and limits the amount of exemplary damages which can be awarded.

## XIV.

Defendant further pleads that, with regard to Plaintiff's allegations that certain activities of Defendant constitute "negligence per se", that pursuant to the principles of Texas statutory and common law, Defendant denies that any of its activities constitute negligence per se, or negligence.

## XV.

Defendant further pleads that, with regard to any claim by Plaintiff for loss of earnings or loss of earning capacity, the method of calculation and the evidence offered to prove such alleged loss must be presented in the form of a net figure after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law, pursuant to the provisions of Section 18.091, Tex. Civ. Prac. & Rem. Code.

## XVI.

Defendant further pleads all damage caps applicable to Plaintiff's allegations, including those related to actual damages or exemplary damages, pursuant to the provisions of the Texas Civil Practice and Remedies Code, the Texas Constitution, or any other Texas law.

## XVII.

Defendant further pleads all damage limitations and damage caps related to Tex. Civ. Prac. & Rem. Code Section 41.0105, in connection with limitations of the Plaintiff's recovery of medical expenses to only those expenses "actually paid or incurred".

WHEREFORE, PREMISES CONSIDERED, Defendants John Christner Trucking, LLC, Three Diamond Leasing, LLC, and Jack Eugene Hein request that Plaintiff take nothing by way of this suit, and that these Defendants have such other and further relief to which they may be justly entitled.

Respectfully submitted,
EZZELL & ASSOCIATES, P.C.
Pacific Plaza
14100 San Pedro Ave., Suite 310
San Antonio, Texas 78232
Tel: 210-544-5757
Fax: 210-544-5758
By: _____ /s/ Michael Ezzell _____
      MICHAEL EZZELL
State Bar No. 06767300
Southern District Federal Bar No. 11665
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Defendant's Original Answer* has been served via Texas E-File system to the following counsel of record on this the 31st day of July, 2017:

**Attorneys for Plaintiff:**
Thomas J. Henry
Bernardo Gonzalez
Darius Khosravian
Email: bgonzalez-svc@tjhlaw.com
The Law Office of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401
Tel. 361-985-0600
Fax. 361-985-0601

_____ /s/ Michael Ezzell _____
MICHAEL EZZELL