IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SERGIO ALPIZAR,<br>     Plaintiff<br><br>v.<br><br>JOHN CHRISTNER TRUCKING, LLC,<br>THREE DIAMOND LEASING, LLC,<br>AND JACK EUGENE HEIN,<br>     Defendants. | §<br>§<br>§   CIVIL ACTION NO.<br>§   5:17-CV-712<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES** Plaintiff, SERGIO ALPIZAR, by and through her attorneys, The Law Offices of Thomas J. Henry, filing this, his *Plaintiff's First Amended Original Complaint*, now comes before this Court and complains of JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, AND JACK EUGENE HEIN, as follows:

### I.
### PARTIES

1.  Plaintiff, SERGIO ALPIZAR, resides in San Antonio, Bexar County, Texas.

2.  Defendant, JOHN CHRISTNER TRUCKING, LLC, is a Foreign Company doing business in Texas and has been properly served.

3.  Defendant, THREE DIAMOND LEASING, LLC, is a Foreign Company doing business in Texas and has been properly served.

4.  Defendant, JACK EUGENE HEIN, is resident of Huntington, Huntington County, Indiana, and has been properly served.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over the suit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Respondents are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in Bexar County in the cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## III.
## STATEMENT OF FACTS

7. On or about May 3, 2017, Plaintiff, SERGIO ALPIZAR, driver of a 2015 Chevrolet van, VIN #1GCWGFCF9F1189601 traveling northbound on Interstate 35 in Bexar County, Texas when the vehicle Plaintiff was in was suddenly, violently, and without warning hit from the rear by Defendant, JACK EUGENE HEIN, who was an agent or employee of Defendant JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC, and who was inattentive and traveling northbound on Interstate 35 in Bexar County, Texas, causing severe personal injuries to Plaintiff SERGIO ALPIZAR. Defendant, JACK EUGENE HEIN was operating an 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer, owned or leased by Defendant, JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC, in the course and scope of his employment with Defendant, JOHN CHRISTNER TRUCKING, LLC and/or THREE DIAMOND LEASING, LLC, and was inattentive and rear-ended SERGIO ALPIZAR. Rodger Escobedo, the investigating trooper with the San Antonio Police Department, was called to the scene and, after an investigation, found JACK EUGENE HEIN to be the at-fault driver. As a result of this collision, Plaintiff SERGIO ALPIZAR sustained severe injuries and damages to his body, as more fully set forth below.

8. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## IV.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT JOHN CHRISTNER TRUCKING, LLC and/or DEFENDANT THREE DIAMOND LEASING, LLC

9. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was acting within the course and scope of his employment with Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC.

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was engaged in the furtherance of Defendant JOHN CHRISTNER TRUCKING, LLC's and/or Defendant THREE DIAMOND LEASING, LLC's business.

11. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was engaged in accomplishing a task for which Defendant JACK EUGENE HEIN was employed.

12. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC.

13. The Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC is liable under the doctrine of *Respondeat Superior* in that Defendant JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment with Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC.

14. Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC, is also negligent in one or more of the following respects:

    a.    Negligent hiring of Defendant JACK EUGENE HEIN;

    b.    Negligent training of Defendant JACK EUGENE HEIN;

    c.    Negligent supervision of Defendant JACK EUGENE HEIN;

    d.    Negligent retention of Defendant JACK EUGENE HEIN; and

    e.    Negligent entrustment of Defendant JACK EUGENE HEIN.

15. As described herein, Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT JACK EUGENE HEIN

17. Defendant JACK EUGENE HEIN had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18. Plaintiff's injuries were proximately caused by Defendant JACK EUGENE HEIN's negligent, careless and reckless disregard of said duty.

19. The negligent, careless and reckless disregard of duty by Defendant JACK EUGENE HEIN consisted of, but is not limited to, the following acts and omissions:

a. In that Defendant JACK EUGENE HEIN failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. In that Defendant JACK EUGENE HEIN failed to drive defensively to avoid the collision;

c. In that Defendant JACK EUGENE HEIN was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

d. In that Defendant JACK EUGENE HEIN failed to timely apply the brakes of the vehicle in order to avoid the collision in question; and

e. In that Defendant JACK EUGENE HEIN failed to turn his motor vehicle to the right or the left in an effort to avoid the collision complained of.

20. As described herein, Defendant JACK EUGENE HEIN was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

21. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, gross negligence, and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## GROSS NEGLIGENCE

22. Defendant JACK EUGENE HEIN's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant JACK EUGENE HEIN

had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

23. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

24. Defendant JOHN CHRISTNER TRUCKING, LLC's and/or Defendant THREE DIAMOND LEASING, LLC's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

25. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES

26. As a direct and proximate result of the collision and the negligent conduct of Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, Plaintiff suffered severe bodily injury to his neck, back, and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and

ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injury, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

27. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

28. As a consequence of the injuries sustained by Plaintiff, he has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of his natural life.

29. Specifically, as a direct and proximate result of the negligent acts of Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question. Plaintiff continues to seek treatment for his injuries sustained in the collision in question.

30. WHEREFORE, Plaintiff is entitled to damages from Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN, and he does hereby pray that judgment be entered in his favor and against the Defendant JOHN CHRISTNER TRUCKING, LLC and/or Defendant THREE DIAMOND LEASING, LLC and Defendant JACK EUGENE HEIN as follows:

    1. Pain and suffering in the past;
    2. Pain and suffering in the future;
    3. Mental anguish in the past;

4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage earning capacity;
14. Loss of consortium
15. Property damage; and
16. Loss of use.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

31. Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

32. Plaintiff hereby makes his demand for a jury trial and acknowledges herein the payment on this date of the required jury fee.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed

by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        THE LAW OFFICE OF THOMAS J. HENRY
        521 Starr Street
        Corpus Christi, Texas 78401
        Tel. (361) 985-0600
        Fax. (361) 985-0601

By: _____
        Thomas J. Henry
        State Bar No. 09484210
        Bernardo Gonzalez
        State Bar No. 08124100
        Darius Khosravian
        State Bar No.: 24085414
        *email: bgonzalez-svc@tjhlaw.com

**\* service by email to this address only**
    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the Texas Rules of Civil Procedure on this the 20th day of September 2017.

**VIA E-MAIL mezzell@ezzellpc.com**
Ezzell & Associates, P.C.
Attn: Michael Ezzell
14100 San Pedro Ave., Suite 310
San Antonio, Texas 78232
Phone: 210-544-5757
Fax: 210-544-5758
COUNSEL FOR DEFENDANTS

_____
Bernardo Gonzalez