**FILED**

**MAY 17 2019**

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SERGIO ALPIZAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-17-CA-712-FB |
| ) | |
| JOHN CHRISTNER TRUCKING, LLC; ) | |
| THREE DIAMOND LEASING, LLC; and ) | |
| JACK EUGENE HEIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND OTHER INSTRUCTIONAL OBSERVATIONS

Before the Court are the Report and Recommendation and Order of the United States Magistrate Judge (docket no. 60), along with defendants' written objections (docket no. 61) thereto and plaintiff's response (docket no. 62) to defendants' objections. Also before the Court is the unrelated case of *Encana Oil & Gas (USA) Inc. v. D&L Manufacturing, Inc.*, Civil Action Number SA-18-CA-129-FB. David Ortega, Esquire, of the firm of Naman, Howell, Smith & Lee, PLLC, represents defendants in this case and third party defendant in the *Encana Oil & Gas* case.

It has come to the Court's attention that Mr. Ortega has communicated electronically and telephonically with the Court's lawyer and administrative staff about what Mr. Ortega says are "two cases that appear to be quite back-logged." The Court has several concerns and observations about Mr. Ortega's communications and apparent misunderstanding of this Court's caseload, procedures and pending motions timetables. First of all, in communicating with the Court's lawyers, Mr. Ortega shall henceforth refrain from referring to the Court's lawyers by their first names unless invited to do so. On information and belief, the Court also understands that Mr. Ortega feels free to refer to Article III Judges

with whom he claims close friendships by their first names, which the Court infers to be an effort to obtain the relief sought by virtue of personal relationships. Moreover, Mr. Ortega should recall from the Court's Order for Scheduling Recommendations and Advisory Concerning Assignment of Magistrate Judge and the Court's Scheduling Order that criminal defendants, most of whom are languishing in squalid conditions, take precedence over people litigating over filthy lucre. As of May 1st, this Court has 187 such defendants. Additionally, this Court has 218 other civil cases pending, a number which is growing by the day, and some of which are older than Mr. Ortega's cases. The Court assumes that Mr. Ortega knows, or should know, that Court procedures include 6 months in which to rule on pending motions. In this case, that date will be September 30, 2019.

However, the Court does not wish to burden the clients with waiting until the September deadline just to educate Mr. Ortega in learning how federal courts operate, especially in light of the very well crafted Report and Recommendation from the Magistrate Judge. Accordingly, the Court will give Mr. Ortega all of the process to which he is due and rule now.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

Accordingly, Mr. Ortega's objections on behalf of his clients are OVERRULED and the Report and Recommendation of the United States Magistrate Judge (docket no. 60) is ACCEPTED in FULL pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion for Summary Judgment on Gross Negligence (docket no. 41) is DENIED in PART and GRANTED in PART, and Defendants' Motion for Summary Judgment on Plaintiff's "Direct" Claims of Negligence (docket no. 43) is GRANTED, as follows:

- Defendants' motions for summary judgment with regard to plaintiff's claims against defendant Three Diamond Leasing are GRANTED;

- Defendants' motions for summary judgment with regard to plaintiff's claims against defendant JCT for direct negligence and gross negligence are GRANTED;

- Defendants' motion for summary judgment with regard to plaintiff's claims for gross negligence against defendant Hein is DENIED and these claims, as well as plaintiff's claims against defendant Hein for simple negligence and against defendant JCT as to *respondeat superior* liability, shall proceed to trial.

It is so ORDERED.

SIGNED this 17 day of May, 2019.

FRED BIERY
UNITED STATES DISTRICT JUDGE