IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:17-CV-712-FB |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC. | § | |
| & JACK EUGENE HEIN, | § | |
|     Defendants. | § | |

**PLAINTIFF'S SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff, SERGIO ALPIZAR, and files his Second Amended Petition, complaining of Defendants JOHN CHRISTNER TRUCKING, LLC. & JACK EUGENE HEIN (collectively, "Defendants") as follows:

## I.
## PARTIES

1. Plaintiff, SERGIO ALPIZAR, resides in San Antonio, Bexar County, Texas.

2. Defendant, JOHN CHRISTNER TRUCKING, LLC., is a foreign company doing business in the state of Texas and has been properly served.

3. Defendant, JACK EUGENE HEIN, is resident of Huntington, Huntington County, Indiana, and has been properly served.

## II.
## JURISDICTION AND VENUE

4. This court has jurisdiction over the suit pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00,

excluding interest and costs.

5. Venue is proper in this honorable court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.
## STATEMENT OF FACTS

6. On or about May 3, 2017, Plaintiff, SERGIO ALPIZAR, driver of a 2015 Chevrolet van, VIN #1GCWGFCF9F1189601, was traveling northbound on Interstate 35 in Bexar County, Texas when the vehicle Plaintiff was in was suddenly, violently, and without warning hit from the rear by Defendant, JACK EUGENE HEIN, who was an agent or employee of Defendant JOHN CHRISTNER TRUCKING, LLC. and who was inattentive and using a cell phone traveling northbound on Interstate 35 in Bexar County, Texas, causing severe personal injuries to Plaintiff SERGIO ALPIZAR. Defendant, JACK EUGENE HEIN, was operating an 18-wheeler truck, VIN #1XKYDP9X0GJ475320, and a trailer, owned or leased by Defendant, JOHN CHRISTNER TRUCKING, LLC., in the course and scope of his employment with Defendant, JOHN CHRISTNER TRUCKING, LLC., and was inattentive and using a cell phone, and rear-ended SERGIO ALPIZAR. Rodger Escobedo, the investigating trooper with the San Antonio Police Department, was called to the scene and, after an investigation, found JACK EUGENE HEIN to be the at-fault driver. As a result of this collision, Plaintiff SERGIO ALPIZAR sustained severe injuries and damages to his body, as more fully set forth below.

7. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## IV.
## NEGLIGENCE CAUSE OF ACTION AGAINST
## DEFENDANT JOHN CHRISTNER TRUCKING, LLC.

8. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was acting within the course and scope of his employment with Defendant JOHN CHRISTNER TRUCKING, LLC.

9. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was engaged in the furtherance of Defendant JOHN CHRISTNER TRUCKING, LLC.'s business.

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JACK EUGENE HEIN was engaged in accomplishing a task for which Defendant JACK EUGENE HEIN was employed.

11. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant JOHN CHRISTNER TRUCKING, LLC.

12. Defendant JOHN CHRISTNER TRUCKING, LLC. is liable under the doctrine of *Respondeat Superior* in that Defendant JACK EUGENE HEIN was operating the vehicle in the course and scope of his employment with Defendant JOHN CHRISTNER TRUCKING, LLC.

13. As described herein, Defendant JOHN CHRISTNER TRUCKING, LLC. was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

14. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future,

if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST
## DEFENDANT JACK EUGENE HEIN

15. Defendant JACK EUGENE HEIN had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by Defendant JACK EUGENE HEIN's negligent, careless and reckless disregard of said duty.

17. The negligent, careless and reckless disregard of duty by Defendant JACK EUGENE HEIN consisted of, but is not limited to, the following acts and omissions:

    a. Defendant JACK EUGENE HEIN failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    b. Defendant JACK EUGENE HEIN failed to drive defensively to avoid the collision;

    c. Defendant JACK EUGENE HEIN was operating his motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

    d. Defendant JACK EUGENE HEIN failed to timely apply the brakes of the vehicle in order to avoid the collision in question; and

    e. Defendant JACK EUGENE HEIN failed to turn his motor vehicle to the right or the left in an effort to avoid the collision complained of.

18. As described herein, Defendant JACK EUGENE HEIN was negligent on the occasion in question

and such negligence was the proximate cause of Plaintiff's injuries and damages.

19. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence, and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## GROSS NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT JACK EUGENE HEIN

20. Defendant JACK EUGENE HEIN's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant JACK EUGENE HEIN had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

21. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES

22. As a direct and proximate result of the collision and the negligent conduct of Defendant JOHN CHRISTNER TRUCKING, LLC and Defendant JACK EUGENE HEIN, Plaintiff suffered severe bodily injury to his neck, back, and other parts of his body generally. The injuries are

permanent in nature and have had a serious effect on Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injury, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

23. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

24. As a consequence of the injuries sustained by Plaintiff, he has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of his natural life.

25. Specifically, as a direct and proximate result of the negligent acts of Defendant JOHN CHRISTNER TRUCKING, LLC and Defendant JACK EUGENE HEIN, Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question. Plaintiff continues to seek treatment for his injuries sustained in the collision in question.

26. WHEREFORE, Plaintiff is entitled to damages from Defendant JOHN CHRISTNER TRUCKING, LLC and Defendant JACK EUGENE HEIN, and he does hereby pray that

judgment be entered in his favor and against the Defendant JOHN CHRISTNER TRUCKING, LLC and Defendant JACK EUGENE HEIN as follows:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage earning capacity;
14. Loss of consortium
15. Property damage; and
16. Loss of use.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

27. Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

28. Plaintiff hereby makes his demand for a jury trial and acknowledges herein the payment of the required jury fee.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff SERGIO ALPIZAR respectfully prays that Defendants JOHN CHRISTNER TRUCKING, LLC. & JACK EUGENE HEIN be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief, at law or in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bernardo Gonzalez
State Bar No. 08124100
Miguel Hernandez
State Bar No.: 24090161
*email: bgonzalez-svc@tjhlaw.com
* service by email to this address only
ATTORNEYS FOR PLAINTIFF

Page **8** of **9**

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the clerk of court using the CM/ECF system that will send notification of such filing to the following on May 28, 2019:

Mr. David L. Ortega
State Bar No. 00791377
dortega@namanhowell.com
Mr. Stephen D. Navarro
State Bar No. 00792712
snavarro@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC.
10001 Reunion Place, Ste. 600
San Antonio, Texas 78216.
Telephone No.: (210) 731-6351
Facsimile: (210) 785-2951
*Attorneys for Defendants*

 

Bernardo Gonzalez