IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SERGIO ALPIZAR, | § § § | |
| Plaintiff, | § | SA-17-CV-00712-FB |
| vs. | § § § | |
| JOHN CHRISTNER TRUCKING, LLC, THREE DIAMOND LEASING, LLC, JACK EUGENE HEIN, | § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion to Exclude the Expert Report and Testimony of Dr. Matthew Greenston Regarding Causation of Plaintiff's Spinal Injuries [#73]. On this day, the Court held a hearing on the motion, at which both parties appeared through counsel. The Court issued certain oral rulings at the hearing, which the Court now memorializes with this written Order. This case has been referred for disposition of all pretrial matters [#14], and the undersigned has authority to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

By his motion, Plaintiff asks the Court to exclude the testimony of Dr. Matthew Greenston, an engineer, physician, and accident reconstructionist designated to opine on the causation of Plaintiff's claimed injuries to his lumbar spine. Plaintiff's motion argues that Dr. Greenston is not qualified to testify as an expert because he is not an orthopedic surgeon and his testimony is not reliable due to a flawed methodology. After reviewing Plaintiff's motion, the responses and replies thereto [#76, #77], Dr. Greenston's C.V. [#76-1], his expert report [#76-2], and his accompanying affidavit on his qualifications and methodology [#76-4], as well as

1

considering the arguments of counsel at the hearing and the governing law, the Court will deny the motion.

At the hearing, Plaintiff clarified that he is now only challenging the reliability of Dr. Greenston's methodology and does not dispute that Dr. Greenston is qualified to testify as an expert. The Court agrees that Dr. Greenston is qualified to testify in the fields of biomechanical engineering and injury causation. The Court also rejects Plaintiff's reliability arguments and concludes that Dr. Greenston's testimony is reliable under the governing standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Plaintiff's issues with Dr. Greenston's methodology are matters for cross examination at trial and not a basis for excluding or limiting his testimony prior to trial. Plaintiff's motion is therefore denied for the reasons stated on the record during the hearing. The denial of Plaintiff's motion is, however, without prejudice to raising any contemporaneous objections as to Dr. Greenston's testimony at trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Exclude the Expert Report and Testimony of Dr. Mathew Greenston Regarding Causation of Plaintiff's Spinal Injuries [#73] is **DENIED**.

SIGNED this 5th day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE