**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**SERGIO ALPIZAR,**

     *Plaintiff*,

**v.**                                                    **Case No. SA-17-CV-0712-JKP**

**JOHN CHRISTNER TRUCKING,**
**LLC, et al.,**

     *Defendants*.

<u>**ORDER REGARDING REQUEST TO EXCLUDE (OR OBJECTION TO)**
**EXPERT TESTIMONY OF OFFICER ROGER ESCOBEDO**</u>

At the final pretrial conference for this case held on August 5, 2021, the parties agreed to submit relevant transcripts or videos to enable the Court to determine whether there is an adequate foundation for admitting testimony on causation from the investigating officer, Roger Escobedo. Both parties have made submissions and arguments, *see* ECF Nos. 146 and 149, and the Court construes ECF No. 149 as Defendants' Request to Exclude (or objection to) the Testimony of Officer Roger Escobedo. Defendants seek to exclude opinion testimony from Officer Escobar on the issue of causation. The issue is ripe for resolution. Based on the briefing, the deposition transcript of Officer Escobedo, and arguments of counsel, the Court partially grants Defendants' Request (sustains the objection) and will not allow Officer Escobedo to testify regarding the cause of the accident in this case. He may also not testify as to injury causation. The Court otherwise overrules the objections.

San Antonio Police Officer Roger Escobedo investigated the accident that is the subject of this case. At the August 5, 2021 pretrial conference, Defendants objected to Officer Escobedo's qualifications to offer an opinion regarding the cause of the accident. There is no dispute that Officer Escobedo is not an accident reconstructionist, and he has not been designated as such in

this case. Plaintiff contends Officer Escobedo is qualified as an accident investigator to render an opinion on causation. Defendants object to Officer Escobedo's testimony on the issue of causation.

Officer Escobedo graduated from the police academy and became a probationary patrol officer on February 24, 2017. *See* Dep. Escobedo 34:25-35:1-9. He received training in accident investigation and preparing crash reports at the police academy. *Id*. 6:15-25. He served in a probationary status for one year. *Id*. 35:25-36:1-2. He was a probationary officer when the May 3, 2017 accident occurred. *Id*. 35:3-7. He worked under the supervision of a Field Training Officer ("FTO") during the first six months of his one-year probationary period. *Id*. 36:13-37:1. And he was working with an FTO on the day of the subject accident. *Id*. 37:7-10. Officer Escobedo does not recall the number of accidents he investigated between February 24, 2017, and May 3, 2017. *Id*. 37:11-14. He investigated a total of fifty accidents from the date of his graduation to the date of his deposition in September 2018. *Id*. 37:15-38:3. He agreed that he had investigated less than fifty accidents between the date of his graduation to the date of the accident. *Id*. 38:4-7.

Notably, the Fifth Circuit has never applied Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579 (1993) "to an accident investigator." *See Puga v. RCX Solutions, Inc.*, 922 F. 3d 285 294 (5th Cir. 2019). Nevertheless, "the majority of in-circuit district courts choose to admit accident investigators as experts." *Id*. at 294 & n.8 (citing *Stevens Transp., Inc. v. Global Transp., LLC*, No. 6:15-CV-552-MHS-JDL, 2016 WL 9244669, at *2-4 (E.D. Tex. May 24, 2016) (permitting investigator to offer expert opinion on the cause of the accident); *Cartwright v. Am. Honda Motor Co., Inc.*, No. 9:09-CV-2015, 2011 WL 3648565, at *4 (E.D. Tex. Aug. 15, 2011) (same); *Main v. Eichorn*, No. W-10-CV-158, 2011 WL 11027844, at *3 (W.D. Tex. Mar. 10, 2011) (allowing an investigating officer to testify as an expert); *Vigil v. Michelin N. Am., Inc.*, No. EP-05-CV-001-KC, 2007 WL 2778233, at *4 (W.D. Tex. Aug. 23, 2007) (permitting investigator

to offer expert opinion on the cause of the accident); *Martin v. Pride Offshore Co.*, No. 97-CV-3754, 1999 WL 4921, at *1 (E.D. La. Jan. 6, 1999) (same), *aff'd*, 198 F.3d 241 (5th Cir. 1999)). "District courts use a contextual analysis when making this determination, looking to see if the investigating officer bases his opinion on a sufficient amount of physical evidence from the accident." *Id.* at 294-95.

But to be clear, to the extent an accident investigator who has not witnessed the accident provides an opinion as to causation, such testimony is generally only allowed through *Daubert* and Rule 702 addressing admissibility of expert testimony. *See id.* at 294-95 & n.7 (recognizing "that an investigating officer may not offer *lay* testimony on causation," (citing *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002) (per curiam)), while further recognizing that lay and expert opinions are "analyzed differently" (citing *Smith v. Progressive Cty. Mut. Ins. Co.*, No. 11-CV-872, 2012 WL 702061, at *2 (E.D. La. Mar. 1, 2012))). Under Rule 702, courts may permit a witness to testify as an expert, but one inquiry is whether the witness "is qualified as an expert by knowledge, skill, experience, training, or education." Absent such qualifications, the Court need not reach the other itemized elements set out in Rule 702 and *Daubert*.

In fact, "whether an individual is qualified to testify as an expert is a question of law" to be determined under Fed. R. Evid. 104(a). *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Rule 104(a) sets out general preliminary questions that courts "must decide." And that rule clearly indicates that "whether a witness is qualified" is a separate inquiry from whether "evidence is admissible." Further, in determining preliminary questions, other than privilege, the courts are "not bound by the evidence rules." But whether the preliminary question is one of qualifications or of admissibility, the burden lies with the party offering the expert testimony to satisfy the Court by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 176 (1987)

(addressing admissibility questions under Rule 104(a)); *Utils. Optimization Grp., L.L.C. v. Temple-Inland, Inc.*, No. 1:08-CV-68-TH, 2010 WL 11531250, at *1 (E.D. Tex. Jan. 13, 2010) (addressing questions of admissibility and qualifications) (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)).

By the terms of Rule 702, a court may find a witness to be qualified as an expert on five separate and independent bases that may exist in isolation or in combination – "knowledge, skill, experience, training, or education." "Nothing in [the 2000] amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training, or education – may not provide a sufficient foundation for expert testimony." Fed. R. Evid. 702 Advisory Committee Notes (2000 amend.). Further, when a "witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id*.

"Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue." *Huss*, 571 F.3d at 452. A witness may present expert testimony despite "less-than-sterling" qualifications, "because '[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Williams v. Manitowoc Cranes, LLC*, 898 F.3d 607, 623-24 (5th Cir. 2018) (quoting *Huss*, which in turn cited *Daubert*, 509 U.S. at 596). Indeed, "most arguments about an expert's qualifications relate more to the weight to be given the expert's testimony than to its admissibility." *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996) (cited with approval by *Huss*, 571 F.3d at 452).

Defendants argue that Officer Escobedo is not qualified to give an expert opinion on causation because of his limited training and experience at the time of the accident. At that time,

he worked under an FTO as a probationary officer with about two months of experience in law enforcement following a basic accident investigation course at the academy. In contrast, the officer in *Puga* had five years of experience investigating accidents at the time of accident, he received training on accident investigation when he became a trooper, took an advanced course on accident investigation, and investigated more than 100 accidents prior to the accident that was the subject of the case. 922 F. 3d at 294 n.6. The officer in *Stevens* had fifteen years of experience investigating accidents and investigated approximately 1,500 accidents. *See* 2016 WL 9244669, at *3. The officer in *Vigil* investigated over 200 accidents and attended three accident reconstruction courses. *See* 2007 WL 2778233, at *4.

Officer Escobedo, furthermore, could not recall the number of investigations he had conducted in the two-month period prior to the accident. Nor has he provided any explanation as to how his experience leads to the conclusion he reached, why that experience is a sufficient basis for his causation opinion, or how his experience is reliably applied to the facts. He has not explained why he attributed driver inattention to Defendant Jack Hein. All of these matters in addition to his limited experience and training cut against finding him qualified to render a causation opinion in this case. The Court will not make a per se determination that an officer's academy training in accident investigation and two months of experience in law enforcement prohibit an officer from testifying regarding the cause of an accident, but Plaintiff has not presented sufficient evidence of Officer Escobedo's training and experience to allow him to offer an opinion on the cause of this accident.

Defendants also object that "Officer Escobedo is not qualified to offer an opinion on injury causation." ECF No. 149 at 11. For essentially the same reasons stated above, the Court agrees

that Officer Escobedo is not qualified to offer an opinion on injury causation. Such opinion, however, differs from a statement that someone sustained injuries.

Defendants also objects that the officer's narrative that Plaintiff "sustained injury, is unreliable and should be excluded." *Id*. at 13. This objection arises from the officer's narrative that Plaintiff "was treated by EMS and was taken to the hospital by coworkers." *See id*. at 12-13. The narrative arises from communications obtained at the scene. In general, an officer may testify as to what he was told or observed at the scene. Thus, unless otherwise found objectionable at trial, Officer Escobedo may testify as to what he heard or observed at the scene.

For the foregoing reasons, the Court grants Defendants' request to exclude in part, thus sustaining Defendants' objections, in part, and will not allow Officer Escobedo to testify regarding the cause of the accident or injury causation. The following statement from the narrative section of Officer Escobedo's crash report is excluded: "Driver 2 began to [brake] and Driver 1 failed to [brake] in time and rear ended Driver 2." *See* Pl.'s Ex. 1 at  3, 7. Any reference in the Crash Report to driver inattention as a contributing factor is also excluded. *Id*. (Section 36 Contributing Factors (Investigator's Opinion)). Officer Escobedo may testify about his conversations with Plaintiff and Defendant Hein, damage to the vehicles, injuries to any party, requests for treatment, and any other on the scene observations.

**It is so ORDERED.**

**SIGNED this 22nd day of October 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**